[Civ. No. 5099. First Appellate District, Division Two.—July 6, 1925.]

## FLORIDE NOBLE, Respondent, v. EDWARD B. NOBLE et al., Executors, etc., Appellants.

[1] ESTATES OF DECEASED PERSONS—DISALLOWED CLAIM FOR INTEREST —TRANSFER OF PROPERTY UNDER ORAL AGREEMENT—PAYMENT OF PROCEEDS—FINDING—EVIDENCE.—In an action upon a claim disallowed by the representatives of the estate of plaintiff's deceased brother, for interest on the value of real property alleged to have been transferred by plaintiff to her brother on the oral agreement that he would manage the same and would invest and reinvest the proceeds of the property for her benefit and would deliver to her the proceeds of the property at such time as might be agreeable to the brother or to herself, a finding that the brother did not pay to the plaintiff any of the rents, or proceeds of the property, or any interest upon the value of the property, cannot be successfully attacked as being unsupported, where although the evidence discloses that the brother made many payments to plaintiff during the period in controversy, the real controversy between the parties is as to what those payments were made in liquidation of, and the plaintiff testified that said payments were made by reason of other obligations.

[2] ID.—PLEADING—INTEREST—CONTRACTS.—In such action, plaintiff's complaint, by reason of the absence of an allegation therein that plaintiff's brother agreed to pay seven per cent or any other rate of interest on the value of the property as of the date of plaintiff's deed, cannot be upheld on either the theory that the plaintiff hired to her brother her property and that he undertook to pay for the use thereof seven per cent interest on its value, or the theory that it purports to be a cause of action based on an oral promise to pay interest.

[3] ID.—TRUSTS—PLEADING.—In such action, the allegations in plaintiff's complaint that the oral agreement between herself and her brother was made by reason of the trust and confidence reposed by plaintiff in her brother and by reason of the brotherly interest and affection of the latter to her, and that he continued to hold the trusteeship of the property up to the time of his death, without making to plaintiff any accounting or paying to her any interest upon the amount of the value of the property, or any of the rents, issues or profits thereof, and that the claim for interest at seven per cent per annum was disallowed by the brother's estate, do not justify the application of the theory that there was a breach of trust, in the absence of an allegation that there was a breach, which allegation is necessary under such a theory.

[4] ID.—PLEADING.—In such action, weighing the allegations of plaintiff's complaint under and pursuant to her theory that her brother received her property which he agreed to hold as her trustee and that he made the flat promise or guarantee that the property in his hands would earn seven per cent per annum, which he would accumulate and hold for the plaintiff as her trustee, such complaint was insufficient because it did not aver that the brother promised to pay interest nor any certain rate of interest; nor did the pleading contain the clear allegation that the brother was to accumulate and hold the interest and that he did so accumulate and hold the same down to the date of his death.

[5] ID.—FINDINGS—JUDGMENTS—PLEADING—NEW TRIAL.—In such action, the defendants (appellants) may make the point on appeal that the findings and judgment in favor of plaintiff are not supported by the pleadings, even though no motion for a new trial was made.

[6] ID.—FINDING—EVIDENCE.—In such action, a finding that plaintiff's brother "in taking the property in his own name under the agreement that he would make it pay her, plaintiff, good interest, and that he would relieve her of all care concerning it, and his handling the property throughout as his own, and taking to himself the proceeds of the property, which were the fruits of his own handling, the value of the property as he received it being $7500, obligated himself to pay plaintiff good interest for the same," is unsupported by the evidence.

[7] ID. — TRUSTS — STATUTE OF LIMITATIONS. — In such action, if the theory of plaintiff's complaint is that of specifically enforcing a continuing trust, then and in that event, as there was no repudiation, the statute of limitations is not a bar.

---

(1) 24 C. J., p. 865, n. 90.   (2) 24 C. J., p. 842, n. 97 New.   (3) 39 Cyc., p. 623, n. 65.   (4) 39 Cyc., p. 620, n. 47.   (5) 3 C. J., p. 984, n. 14 New, p. 985, n. 33 New; 38 Cyc., p. 1970, n. 7.   (6) 24 C. J., p. 865, n. 90.   (7) 37 C. J., p. 903, n. 22.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Reversed.

The facts are stated in the opinion of the court.

Goodfellow, Eells, Moore & Orrick for Appellants.

Mervyn R. Dowd and John E. Bennett for Respondent.

STURTEVANT, J.—Plaintiff commenced an action against the defendants as executors of the last will and testament of Patrick Noble, deceased, to recover a judgment based on a rejected claim, or rather a claim not allowed by the defendants. The defendants answered, a trial was had in the trial court, the court sitting without a jury, and judgment went for the plaintiff. The defendants have appealed and have brought up the judgment-roll and a bill of exceptions.

In her complaint the plaintiff alleged that the defendants are executors; that on the twenty-first day of July, 1908, the plaintiff deeded two houses and a lot at Santa Monica to her brother Patrick Noble; that the property was then of the value of $7,500; that the plaintiff was the only surviving sister of Patrick and that she deeded the property to him on the agreement that he would manage the same and would invest and reinvest the proceeds of the property for her benefit and would deliver to her the proceeds of the property at such time as might be agreeable to Patrick or to herself; that the agreement was oral and was made by reason of the trust and confidence reposed by the plaintiff in her brother and by reason of the brotherly interest and affection of the said Patrick to the plaintiff; that Patrick continued to hold the trusteeship of the said property up to the time of his death in October, 1920, without making to plaintiff any accounting or paying to plaintiff any interest upon the amount of the value of the property or any of the rents, issues or profits thereof. That on the twenty-ninth day of June, 1921, plaintiff presented a claim for $6,225.25, the amount of interest at seven per cent from the twenty-first day of July, 1908, to the date of filing the claim upon the principal sum of $7,500; that the claim was not allowed and that there is now due $6,225.25.

[1] The trial court made a finding to the effect that Patrick did not pay to the plaintiff any of the rents, or proceeds of the property, or any interest upon the value of the property. The appellants attack the finding as not being supported by the evidence. We think that the attack cannot be sustained. The record discloses that Patrick made many payments to his sister during the period mentioned, but the real controversy between the parties is as to what those

payments were made in liquidation of. The contention of the appellants as made in the trial court and as made in this court is that the said payments were made by Patrick to discharge the identical claim which the plaintiff presents in this action. On the other hand the plaintiff claims that the payments were made by reason of other obligations. She so testified in the trial court. Assuming that the trial court accepted her testimony as true, then and in that event there was evidence to support the finding against which the attack is made.

[2] The appellants also contend that the complaint does not state facts sufficient to constitute a cause of action. In reply to that attack it will be noted at once that the complaint is susceptible of several different interpretations. It might be urged that the complaint purports to plead that the plaintiff hired to her brother Patrick her property and that he undertook to pay for the use thereof seven per cent interest on its value. Again, it may be claimed for the pleading that it purports to be a cause of action based on an oral promise to pay interest. After being served with process the defendants demurred to the complaint on the ground that it did not state facts sufficient and also on the ground that it was uncertain because it could not be ascertained what were the terms or conditions on which Patrick entered into the obligation. It is earnestly contended by the defendants that the pleading did not allege that Patrick agreed to pay seven per cent or any other rate of interest on the value of the property as of the date of plaintiff's deed. An examination of the complaint discloses that the allegation is not present. It is patent, therefore, that the pleading may not be sustained on either of the theories just above mentioned. [3] There are allegations in the complaint which might be considered as showing that the pleader was attempting to plead a breach of trust. However, that theory cannot be applied because there is no attempt whatever to plead a breach. Such an allegation is necessary under such a theory. (*Burke* v. *Maguire,* 154 Cal. 456, 468 [98 Pac. 21].) [4] The respondent contends that she has pleaded a continuing trust. In other words, as we understand her claim, it is that Patrick received her property of the value of $7,500 which he agreed to hold as her trustee and that he made the flat promise or guarantee that the

property in his hands would earn seven per cent per annum, which he would accumulate and hold for the plaintiff as her trustee; that he did so and so held the same at the date of his death and that the principal sum and the proceeds thereof passed into the hands of the defendants as Patrick's executors and that she duly filed a claim therefor against Patrick's estate. True it is that the pleading contains allegations not consistent with the theory just stated. But in support of the judgment we will assume for the sake of argument that such was the theory of the pleader. Turning now to the allegations of the pleading and specially examining the same under the theory last stated, the plaintiff did not allege directly or inferentially, nor by recital, that her brother promised to guarantee that the rents, issues and profits would amount to seven per cent per annum or any other exact sum, stating it. Nor did he make the flat promise that the rents, issues and profits should take the form of interest and that he should be charged with interest and that he would accumulate and hold said interest moneys for the plaintiff. When the plaintiff presented her claim against the estate it was worded on the interest theory, but the body of the complaint was not so worded. Weighing the allegations of the pleading under and pursuant to the respondent's theory, it was insufficient because it did not aver that Patrick promised to pay interest nor any certain rate of interest. Nor does the pleading contain the clear allegation that Patrick was to accumulate and hold the interest and that he did so accumulate and hold the same down to the date of his death. The complaint, therefore, does not state a cause of action and the trial court should have sustained the demurrer. The prejudicial nature of the error will more fully appear as we proceed.

[5] The next point made by the appellants is that the findings and judgment are not supported by the pleadings. In this connection the appellants point out that the complaint alleged an agreement on the part of Patrick that he would pay to the plaintiff the proceeds of her property. The appellants then point out that the trial court made findings and entered a judgment on the theory that Patrick had agreed to pay the plaintiff seven per cent interest on a certain sum of money—the value of plaintiff's lot and houses at Santa Monica as of the date of plaintiff's deed.

The record does not disclose any answer to the point. The respondent's reply is that the point may not be considered in this court because the appellants did not make a motion for a new trial and respondent cites several cases that were decided prior to the amendments of 1915 (Stats. 1915, pp. 205, 328) to sections 939 and 956 of the Code of Civil Procedure. Since those amendments were enacted the decisions cited do not control. (*Smith* v. *Lightston,* 182 Cal. 41 [186 Pac. 769].)

[6] The trial court made a finding, "That said Patrick in taking the property in his own name under the agreement that he would make it pay her, plaintiff, good interest, and that he would relieve her of all care concerning it, and his handling the property throughout as his own, and taking to himself the proceeds of the property, which were the fruits of his own handling, the value of the property as he received it being $7500, obligated himself to pay plaintiff good interest for the same." The appellants contend that the said finding is not supported by the evidence. It is not. The plaintiff did not allege that Patrick guaranteed interest as proceeds and she did not tender any evidence to that effect. In testifying as to the fact, true it is that the plaintiff used the word "interest" in telling the story as she remembered it, but the statement of the deceased wherein he used the word "interest" fell far short of creating a guarantee to the amount of seven per cent per annum. The plaintiff testified that her brother said, "Under the will I am obligated to support you and you do not need the income from your property, and if you will let me have it in my own name, I will handle it to an advantage for you and give you good interest . . . At these conversations he said he could handle it to so much better advantage if he had it in his own name, that he was a good business man and that he would make more out of it than I was doing." That language shows that Patrick assured the plaintiff that in his hands her property would bring in a profit and not a loss, but the language fell far short of stating a flat guarantee of seven per cent over an indefinite period of time extending over thirteen years, more or less. The plaintiff in this connection adverts to many things which would constitute a breach of trust and therefore justify an award of interest,

but, as has been shown above, the plaintiff's case does not rest on a breach of trust.

The appellants also contend that the action is barred by the statute of limitations and by the laches of the plaintiff. **[7]** If, as stated by us, the theory of the plaintiff's complaint is that of specifically enforcing a continuing trust, then and in that event, as there was no repudiation, the statute of limitations is not a bar. Under the same theory of the plaintiff's pleading the application of the doctrine of laches is far more serious. The principle that was before the court in *Kleinclaus* v. *Dutard,* 147 Cal. 245 [81 Pac. 516], seems to be in all respects parallel to the principle that is involved in the plaintiff's case. In this case the plaintiff asserts that the declaration of trust was made by the alleged trustee thirteen years before she commenced her action. In the case cited the declaration was made thirty-five years before the action was commenced. In both cases the action was not commenced until the alleged trustee, the only person who could refute the testimony given by the alleged beneficiaries, was dead. As this case must go back for a new trial, and as the application of the doctrine of laches is one addressed to the chancellor in the first instance, we think that it is advisable that we should withhold an expression of opinion on that feature until the trial court shall have ruled upon it.

The judgment is reversed.

Langdon, P. J., and Nourse, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 31, 1925.