[Civ. No. 6143. First Appellate District, Division Two.—March 19, 1928.]

CECELIA A. FRIEL, Appellant, v. THOMAS A. RAWLINGS, as Executor, etc., Respondent.

J. R. Wilder and Ray H. Enter for Appellant.

Thos. P. White and Vincent C. Hickson for Respondent.

BURROUGHS, P. J., *pro tem.*—The trial court granted a motion for a nonsuit and this is an appeal from the judgment entered thereon.

Plaintiff presented her claim to the executor of the estate of Lucinda E. Duffy Rawlings, deceased, which claim was in form as follows:

"Estate of Lucinda E. Duffy Rawlings, Deceased.
To Cecelia A. Friel, Dr.

To services rendered by Cecelia A. Friel to Lucinda E. Duffy Rawlings, at the special instance and request of said Lucinda E. Duffy Rawlings, as per itemized bill and voucher hereto attached, marked Exhibit 'A' and made a part hereof.

Total ........................................$3527.93.

Voucher.

Exhibit 'A'

Los Angeles, Cal., April 1st, 1924.
Estate of Lucinda E. Duffy Rawlings
                    To Cecelia A. Friel              Dr.

To services rendered at the special instance and request of Lucinda E. Duffy Rawlings, as follows:

| | |
|---|---:|
| Fumigating and housecleaning, Apr. 20 to Apr. 24, inclusive, 1919, @ $3.50 day...............$ | 17.50 |
| Nursing, housework, general care deceased's property April 25 to Sept. 3, inclusive, 1919, @ $125. per mo. Entire time at premises No. 4419 E. 1st, Los Angeles.................... | 533.28 |
| Nursing, Sept. 4, 1919 to Feb. 1, 1920, inclusive, @ $125. per month. Entire time at premises No. 4419 E. 1st, Los Angeles............. | 616.65 |
| Grading yard, helping to construct house, wiring remodeling on rear house 4419½ E. 1st | |

| | |
|---|---|
| Street; paper hanging, painting and varnishing deceased's home—Oct. 1920 | 200.00 |
| Board of deceased, Sept. 3, 1919 to Feb. 1, 1920, @ $10. per week also light-gas-water all bills —4418 E. 1st St. | 220.00 |
| Aug. 6, 1920 to July 9, 1921 @ $75.00 per mo., housework and nursing (part time) | 832.50 |
| Housework and part time nursing, from Sept. 1, 1921, to May 1, 1922 @ $2.00 per da. | 480.00 |
| Nursing part time Sept. 1, 1922 to March 15, 1923 @ $2.00 per day | 392.00 |
| Nursing Aug. 10, 1923 to Dec. 1, 1923, @ $2.00 per da. | 236.00 |

Total amount due ................·........$3527.93"

The claim was rejected by said executor and in due time plaintiff commenced this action. The cause was tried upon the amended complaint and the answer thereto. So far as material to this decision it is alleged in said complaint "that said Lucinda E. Duffy Rawlings in her lifetime became indebted to plaintiff upon an open book account for the reasonable value of services, work and labor performed by this plaintiff for and at the special instance and request of said Lucinda E. Duffy Rawlings."

As a second cause of action it is alleged that "within four years last past at the County of Los Angeles, State of California, the defendant, as executor aforesaid, became indebted to this plaintiff on an open book account in the sum of Three Thousand Five Hundred Twenty-seven and 93/100 Dollars."

Defendant by his answer denied the rendition of the services alleged or their value, and as an affirmative defense pleaded the bar of section 337 of the Code of Civil Procedure. Upon the trial of the action the plaintiff was called as a witness in her own behalf and her counsel endeavored to prove by her that she kept a book of accounts containing the account here sued upon. Under objection, the court refused to allow such proof and this ruling is here assigned as prejudicial error.

It may be conceded that if, as claimed by the appellant, the court's ruling was based upon the provisions of sub-

division three of section 1880 of the Code of Civil Procedure, the objection would be well taken, for it has been held many times that under said section, although a claimant against an estate of a deceased person may not testify as to any matters of fact concerning such claim occurring before the death of such deceased person, notwithstanding such inhibition, the foundation for the introduction of such account books may be laid by the testimony of the plaintiff.

Among the cases so holding is *Cowdery* v. *McChesney*, 124 Cal. 363 [57 Pac. 221].

However, in ruling upon this offer of testimony the court said: "As to your offer of proof, you can prove by her that she kept books, but you cannot prove by her entirely the correctness of those books. You may prove she kept books. No, you cannot do that because you cannot recover upon a book account."

Further conversation between the court and counsel developed the fact that the court refused to permit evidence of the book account, because the claim presented to the executor as the basis of the action was a money demand for services rendered, but without any claim or reference to a book account and that, therefore, there was a material variance between the claim as presented to the executor and the cause of action stated in the complaint.

For the reasons hereinafter given we have reached the conclusion that this ruling of the trial court was correct.

*McGrath* v. *Carroll*, 110 Cal. 79 [42 Pac. 466], was an action based upon a claim against an estate. The claim was in the form for money had and received. Upon its face it was barred by section 337 of the Code of Civil Procedure and it was rejected by the executor. In the complaint plaintiff set up that the moneys were received and held by deceased "in trust for the use and benefit of the plaintiff." The supreme court held that as the claim presented was a simple demand for money lent and no hint or suggestion made of a trust, and the debts set out were all long barred by the statute of limitations, the executors had no discretion but to reject said claim, citing in support thereof section 1499 of the Code of Civil Procedure, and it was held that the action was unsupported by the claim presented.

*Etchas* v. *Orena*, 127 Cal. 588, 592, 593 [60 Pac. 45, 47]. The claim there presented was *quantum meruit*, but the

proof was of the reasonable value of services rendered pursuant to an alleged broken promise to provide for the plaintiff by will. In reversing a judgment for plaintiff the court said: "The claim, as presented and passed upon by the executor, was the foundation of the plaintiff's cause of action. She could not come into court and allege and prove any other or different cause of action from that stated in the claim. The executor was entitled to have the claim presented in sufficiently intelligible form to enable him to pass upon it legally. If it was founded upon a promise or agreement, under the terms of which continuous services were performed, to be paid for at the death of deceased, the claim should have so stated."

In *Lichtenberg* v. *McGlynn*, 105 Cal. 45, 47 [38 Pac. 541], it is said: "The holder of a claim against the estate of a deceased person can bring an action therefor against the executors only after it has been first presented to such executors. (Code Civ. Proc., sec. 1500.) If his claim is rejected, either by them or by the judge of the superior court, he must bring a suit for the purpose of establishing its validity against the estate. In such action he can recover only upon the claim which has been so presented and rejected, and is not entitled in that action to recover against the executors for any other cause of action."

The foregoing is also approved in *Morrison* v. *Land*, 169 Cal. 580 [147 Pac. 259]; *Ruble* v. *Richardson*, 188 Cal. 150 [204 Pac. 572]. Indeed, by these and many other decisions, the ruling above stated has become firmly established.

Viewing the instant case in the light of the foregoing decisions, the claim as presented was for services rendered deceased in her lifetime. The first six items were barred by section 337 of the Code of Civil Procedure and the executor had no alternative but to reject the claim as to these items. (Sec. 1499, Code Civ. Proc.; *McGrath* v. *Carroll, supra.*)

The cause of action upon an open book account avoided the bar of the statute of limitations. This of itself is sufficient to demonstrate that the cause of action stated in the complaint was different from the one upon which the claim presented to the executor was predicated.

As to the last three items of the claim which were not barred by section 337 of the Code of Civil Procedure, the court offered to allow the plaintiff to amend her complaint

and offer evidence in support of said items, but this counsel for plaintiff declined to do. The court said: "I told you I would allow you to amend—that is entirely up to you." Mr. Wilder: "Yes, I understand. I wish the record clear to show that we do offer at this time to prove by an account which was kept by the plaintiff in this action, the various items referred to in the amended complaint which go to make up the entire claim."

Having failed to take advantage of the offer of the court to amend his complaint and present evidence thereunder, we are satisfied that the ruling of the court upon the evidence as offered was sound and must be sustained.

There are several other points made for a reversal, but we are of the opinion that the foregoing covers each of said separate specifications of error.

It follows that the judgment must be affirmed and it is so ordered.

Sturtevant, J., and Nourse, J., concurred.