[Sac. No. 4227. In Bank.—February 11, 1930.]

NELLIE WALLACE, Respondent, v. JOHN N. GABLE et al., Executors, etc., Appellants.

Carleton Gray for Appellants.

Bond & Deirup for Respondent.

LANGDON, J.—This is an appeal by the defendants from a judgment against them, as executors of the last will of George Gable, deceased. The plaintiff's action was founded upon her rejected claim, presented against the estate for her services for cooking and general housework, nursing and care of decedent, continuously from July 1, 1894, to the date of his death, August 14, 1926, at the agreed price of one dollar a day, payable upon termination of the employment. The amount prayed for was $11,725, less $1200 paid upon account, leaving $10,525, for which amount the jury returned a verdict for plaintiff. However, as it had been brought out at the trial that on September 22, 1924, the deceased had been declared an incompetent and a guardian had been appointed who had made a new contract with plaintiff, it became apparent that the original contract terminated at the time the guardian was appointed. The trial court denied a new trial upon condition that the amount of the judgment be reduced to $9,831 to conform to the situation presented by the proof, and the judgment was entered for such latter amount.

There is no merit in the contention that the record does not support the finding of the jury as to the existence of the contract for the plaintiff's services and that they were to be paid for at the time of the death of the employer or when the plaintiff should leave his service. The proof of

this agreement was, naturally, somewhat difficult because of the death of one party to the contract and the consequent disqualification of the other as a witness. Only indirect evidence was available, but of this there is ample in the record to justify the conclusion of the jury.

It is earnestly contended that this claim, if proven, is barred by the statute of limitations. It is conceded that the cause of action accrued on September 22, 1924, when the employer was adjudged incompetent. The claim of plaintiff was presented to the executors on May 25, 1927, or over two years and eight months after it had accrued. Seventeen days later this action was commenced. It is insisted by appellants that the claim was barred by section 339, subdivision 1, of the Code of Civil Procedure, and could not have been allowed by the executors because of the provisions of section 1499 of the Code of Civil Procedure.

The respondent, on the other hand, contends that the general statute of limitations is extended by section 353 of the Code of Civil Procedure, which provides, in part: "If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives, after the expiration of that time and within one year after the issuing of letters testamentary or of administration." The plaintiff complied with the provisions of this section. The employer died in August, 1926, before the expiration of the time limited for commencing plaintiff's action, and the action was commenced within one year after letters testamentary were issued, which was on September 13, 1926.

Appellant meets this situation by the position that section 353 of the Code of Civil Procedure relates exclusively to the commencement of actions, and does not relate to or extend the time for presenting or filing claims against an estate, and that the claim was barred under the general statute before the claim was presented and that presentation of a valid claim is a condition precedent to bringing an action.

Reliance is placed upon the case of *Morrow* v. *Barker*, 119 Cal. 65 [51 Pac. 12]. That case holds that no suit may be brought on a claim unless the claim be presented within the time limited by the notice to creditors. In that case the claim was presented after the time limited in the notice. In

the instant case the claim was presented within the time mentioned in the notice to creditors and the claim and the action were both filed within one year after the appointment of the executors.

We think the purpose and meaning of section 353 of the Code of Civil Procedure is to extend the time within which to present claim and bring an action in the event of rejection. Since section 353 of the Code of Civil Procedure expressly extends the time for bringing an action, a presentation of a claim at any time before action is barred is within time, provided it be filed within the time provided in the notice to creditors. Such was the view of this court, apparently, in the case of *Barkley* v. *Blackington*, 127 Cal. 189 [59 Pac. 834, 835]. In that case the claim was presented to the administrator within one year after the death of the intestate, but suit was not brought thereon within the year allowed by section 353 of the Code of Civil Procedure. That year expired on March 2, 1897, and the action was not brought in time. However, the court said: "After the 2d day of March, 1897, the claim was barred by the statute of limitations and, therefore, neither the administrator nor the court had the power to allow it," thus assuming that section 353 of the Code of Civil Procedure extended the time for filing claim as well as the time for bringing an action.

There are no other matters which require discussion and the judgment appealed from is affirmed.

Curtis, J., Preston, J., Richards, J., Seawell, J., and Shenk, J., concurred.