[Civ. No. 22264.   Second Dist., Div. Three.   Oct. 1, 1957.]

EDWARD R. VONCHINA, Respondent, v. THE ESTATE OF MABEL L. TURNER, Deceased, et al., Defendants; FLORENCE J. SWAIN, as Administratrix With the Will Annexed, etc., Appellant.

Thomas A. Wood for Appellant.

A. Brigham Rose for Respondent.

VALLÉE, J.—Action on a creditor's claim presented to the administratrix with the will annexed of the estate of Mabel L. Turner, deceased, and rejected. The claim, in the amount of $5,265, is for alleged services as day and night watchman, caretaker, and gardener from December 1, 1950, to June 1, 1953, at an agreed wage of $40 a week; and for the purchase price of a sleeping cot.[1]

The court found: 1. About December 1, 1950 Mabel L. Turner engaged plaintiff to perform services as night watchman, caretaker, and gardener on the basis of an agreed wage of $40 a week. 2. In that capacity plaintiff rendered services to Mrs. Turner up to the time of her death. 3. During that time Mrs. Turner paid nothing to plaintiff. 4. In addition, Mrs. Turner requested plaintiff to disburse $25 in her behalf. 5. Mrs. Turner died May 11, 1953. 6. The claim was presented in due time and rejected. 7. No part of the claim has been paid. 8. The reasonable value of the work, labor, and services performed by plaintiff in behalf of Mrs. Turner is $1,950. 9. The cause of action is not barred by subdivision 1 of section 339 of the Code of Civil Procedure. Judgment was that plaintiff recover $1,950 from defendants with interest from May 11, 1953.

---

[1]The claim reads:

"Labor charge, as day and night watchman, ca_retaker and gardener, basis of agreed wage, $40.00 per week, as follows:

"1950   Dec. 1 to Dec. 31—  4 weeks, at $40.00 per week..$  160.00
"1951   Jan. 1 to Dec. 31—52 weeks, at $40.00 per week.. 2,080.00
"1952   Jan. 1 to Dec. 31—52 weeks, at $40.00 per week . 2,080.00
"1953   Jan. 1 to June 1—23 weeks, at $40.00 per week..   920.00

TOTAL CLAIM FOR WAGES ..$5,240.00

"One (1) Sleeping Cot, with mattress, purchased for and at the request of Mrs. Mabel L. Turner, for which no reimbursement was made ...........................$   25.00"

The assignments of error are: 1. Permitting plaintiff to testify over objection to matters and facts occurring before the death of the decedent. 2. Finding that no part of the claim is barred by subdivision 1 of section 339 of the Code of Civil Procedure. 3. Insufficiency of the evidence to sustain the findings.

Plaintiff, called in his own behalf, testified he was 79 years old; he is also known as "Laguna"; he knew Mabel L. Turner in her lifetime; he first met her in 1950. He was then asked if he ever performed any services for her. Defendant objected on the ground plaintiff was not a competent witness to any matters that happened prior to the death of Mrs. Turner. The objection was overruled. Plaintiff then testified over repeated objections that beginning in 1950 and for about three and a half years he did the housework and the garden work— everything—and that Mrs. Turner told him he was going to be paid.

Defendant, called in her own behalf, testified plaintiff did not do any cooking for Mrs. Turner. Plaintiff, called in rebuttal, over repeated objections, was permitted to testify he did some of the cooking because Mrs. Turner was not able to do it; he took care of her many hours at night and sometimes in the daytime; he took care of everything; Mrs. Turner had a beautiful lawn and he had "to take care of the roses and lawn and everything else."

It is hornbook law in this state that a party to an action against an administrator on a claim or demand against the estate of a deceased person cannot be a witness as to any matter or fact occurring before the death of such deceased person. (Code Civ. Proc., § 1880, subd. 3.) The statute is supported by sound public policy and was wisely adopted in the interests of justice. (*Norgard* v. *Estate of Norgard*, 54 Cal. App.2d 82, 89 [128 P.2d 566].) Where the voice of one against whose estate a claim or demand is made is silenced by death, the claimant should not be permitted to testify as to the facts of the transaction when suing to enforce a money demand against the estate. ■ "A claimant against an estate 'cannot testify at all "as to any matter or fact occurring before the death" of the decedent whether incidental, preliminary, or otherwise.' " (*Warren* v. *Nair*, 102 Cal.App.2d 298, 300 [227 P.2d 515].) ■ The plaintiff is incompetent to testify in contradiction of another witness, and the statute applies as well to matters occurring without the presence of the decedent

as to those in which she may have participated. (*Stuart* v. *Lord*, 138 Cal. 672, 676-678 [72 P. 142].)

It is patent that it was error to permit plaintiff to testify as to the matters and facts occurring before the death of Mrs. Turner.

The contention that the court erred in finding no part of the claim is barred by subdivision 1 of section 339 of the Code of Civil Procedure must be sustained. Mrs. Turner died May 11, 1953. The claim is for services from December 1, 1950 to June 1, 1953 and for reimbursement of $25 expended in purchasing a sleeping cot at Mrs. Turner's request. The action was filed February 15, 1954. An action on an obligation not founded on an instrument in writing, with exceptions not applicable here, must be commenced within two years after the cause of action shall have accrued. (Code Civ. Proc., § 339, subd. 1.)

Section 708 of the Probate Code provides:

"No claim which is barred by the statute of limitations shall be allowed or approved by the executor or administrator, or by the judge. . . ."

Section 353 of the Code of Civil Procedure provides in part:

"If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration."

Section 353 extends the time within which to present a claim and bring an action in the event of rejection if the obligation is not barred at the death of the decedent. (*Wallace* v. *Gable*, 209 Cal. 10, 13 [285 P. 309] ; *Silva* v. *Superior Court*, 83 Cal.App.2d 521, 527, 528-530 [189 P.2d 314].) Section 353 does not apply to that part of a claim which is barred at the death of the decedent. (*Davis* v. *Hart*, 123 Cal. 384, 388 [55 P. 1060] ; *Hibernia S. & L. Society* v. *Herbert*, 53 Cal. 375, 378.) "As a general rule, in the absence of a specific statute to the contrary, the intervening death of an obligor does not toll a general statute of limitations upon an accrued cause of action." (*Berger* v. *O'Hearn*, 41 Cal.2d 729, 731 [264 P.2d 10].)

A claim for services rendered should be rejected as to the barred part thereof. (*Estate of Steuer*, 77 Cal.App. 584, 585-586 [247 P. 211] ; *Friel* v. *Rawlings*, 90 Cal.App. 220, 223 [265 P. 833].) *Etchas* v. *Orena*, 127 Cal. 588 [60 P. 45], was

a suit on a rejected claim for the reasonable value of services alleged to have been performed by the plaintiff for the decedent in her lifetime. It was held that on trial of the suit the evidence must be confined to proof of services rendered within two years prior to the death of the decedent; and neither the executor nor the judge had any right to allow any part of the claim which was barred by the statute of limitations.

The claim, on an agreed wage of $40 a week, is for $160 for the period December 1 to 31, 1950; for $2,080 for the period January 1 to December 31, 1951; for $2,080 for the period January 1 to December 31, 1952; for $920 for the period January 1 to June 1, 1953; and for $25, the purchase price of a sleeping cot. It appears from the findings that part of the award was for the alleged $25. The record does not show when the $25 was expended. It appears on the face of the claim as presented and sued on that all that part which became due for services performed prior to May 11, 1951, is barred by the statute. The cause of action alleged is on the claim as a whole. As noted, the court found that the cause of action is not barred; obviously it is in part. The court found that from December 1, 1950, to the death of Mrs. Turner plaintiff rendered services as night watchman, caretaker, and gardener; and found that the reasonable value of the work, labor, and services performed in her behalf is $1,950. Thus it appears that part of the $1,950 is for services performed prior to May 11, 1951.

Plaintiff's only answer to the contention that part of the claim is barred is: the evidence "tends to support that a trust relationship between the decedent and the Respondent existed and which trust relationship involved the Appellant," that "[n]o proper conclusion can be reached other than the fact that the well intentioned decedent had assigned to herself the task of preventing the Respondent from imbibing in the $C_2H_5OH$ products," and the evidence "tend[s] to establish that the claim of Respondent under the authorities is based on a resulting trust." There was no evidence or finding of a trust relation between Mrs. Turner and plaintiff; there was no evidence or finding on which a claim of a resulting trust may be predicated. *Davenport* v. *Davenport Foundation,* 36 Cal.2d 67 [222 P.2d 11], *Melickian* v. *Halstead,* 121 Cal.App.2d 469 [263 P.2d 652], *Lehman* v. *Newcomer,* 118 Cal.App. 145 [4 P.2d 994], and *Noble* v. *Noble,* 73 Cal.App. 504 [239 P. 51], cited by plaintiff, are not in point. Davenport was an action to have two written, express trusts declared invalid. As to

one cause of action to invalidate one of the trusts on the ground it attempted an invalid restraint on alienation, it was held the action was not barred by the statute of limitations where the trustees had not repudiated the trust. We find nothing in Melickian bearing on the applicability of the statute of limitations. The question in Lehman was whether a letter written by the deceased to the plaintiff was a sufficient acknowledgment or promise of a new contract by which to take the case out of the operation of the statute of limitations. Noble was an action to specifically enforce an oral, continuing trust. It was held that since there was no repudiation the statute of limitations was not a bar. The case at bar is the simple one of an oral contract to compensate plaintiff for services rendered at $40 a week. It is not a case of services performed under a continuing, express contract to be compensated on termination of the services. (See *Corato* v. *Estate of Corato,* 201 Cal. 155, 159-161 [255 P. 825] ; *Laven* v. *Cowan,* 108 Cal.App. 628, 630 [291 P. 877].) Plaintiff may recover only on the cause of action stated in his claim. The finding that defendants are indebted to plaintiff for services performed from December 1, 1950 to the death of Mrs. Turner is without support. The judgment must be reversed.

Since a reversal is called for and the evidence may not be the same on a new trial, we do not reach the question whether the evidence supports the findings in other respects.

. Comment should be made with respect to the form of the judgment. As rendered, it is erroneous. It adjudges that plaintiff recover from defendants the sum of $1,950 with interest and costs. The defendants are the Estate of Mabel L. Turner, and Florence J. Swain, administratrix with the will annexed of the estate. ■ The estate is not a person or entity and cannot be sued. (*Hill* v. *Estate of Westbrook,* 95 Cal.App.2d 599, 604 [213 P.2d 727] ; *Estate of Bright* v. *Western Air Lines,* 104 Cal.App.2d 827, 828 [232 P.2d 523].) The action should be dismissed as to the Estate of Mabel L. Turner. If the judgment is for the plaintiff, it should provide that it be paid by the administratrix in due course of administration of the estate of Mabel L. Turner. (Prob. Code, § 730; 21 Cal. Jur.2d 500, § 1113.)

Reversed.

Shinn, P. J., and Wood (Parker) J., concurred.