ESTATE OF V. DONALD SCHOELLER *v.* CARL A. BECKER ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE NO. 26372
AT STAMFORD

Memorandum filed December 18, 1975

*Zone & Bernstein,* for the plaintiff.

*Durey & Pierson,* specially appeared for the named defendant and the defendant Anne Becker.

STAPLETON, J. This is an action on a promissory note and to set aside an alleged fraudulent conveyance. Suit was brought in the name of the Estate of V. Donald Schoeller, deceased, as plaintiff. Two of the three defendants appeared specially and filed a motion to erase the action from the docket on the ground that the "Estate of V. Donald Schoeller" is not a proper party plaintiff to confer jurisdiction on the court. Thereafter the plaintiff filed a motion for permission to amend the complaint to name "Michael Schoeller, Executrix (sic) of the Estate of V. Donald Schoeller, late of Norwalk" as plaintiff. Since these motions relate to the same underlying issue, they will be treated together.

It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue. 59 Am. Jur. 2d, Parties, §§ 20, 21. "An estate is

not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of a decedent or incompetent." *Bar Association* v. *Connecticut Bank & Trust Co.,* 20 Conn. Sup. 248, 262. Not having a legal existence, it can neither sue nor be sued. *Vonchina* v. *Estate of Turner,* 154 Cal. App. 2d 134; 2 Locke & Kohn, Conn. Probate Practice § 375.

Since there is no legal party plaintiff before the court to prosecute the action, the court is without jurisdiction and the motion to erase must be granted. *Orange County Trust Co.* v. *Estate of Takowsky,* 119 Ga. App. 366. That being the case the defect cannot be cured by amendment. In the same factual situation of an action brought in the name of an estate as plaintiff it has been held that the suit is a nullity and that the jurisdictional defect cannot be cured by amendment or waiver. Ibid.

The plaintiff's reliance on the case of *World Fire & Marine Ins. Co.* v. *Alliance Sandblasting Co.,* 105 Conn. 640, is misplaced. In that case the plaintiff sued the "Alliance Sandblasting Company" describing it as a corporation when in fact it was the registered trade name under which its principal, one Julius Goodman, did business. The plaintiff was allowed to amend the description in the writ, the court holding that the identity of the defendant was the same, the name was the same and the entity was one and the same, the plaintiff's only error being a misdescription as to the defendant's status. Id., 643. In that case the defendant was an existing legal entity properly before the court. In the present case the action was not started by a legal person; it is a nullity and there is nothing before the court to amend.

Accordingly, the motion to erase is granted and the motion to amend is denied.