## CIRCUIT COURT OF FAIRFAX COUNTY

Robert D. Zaboth et al.

v.

Susan D. Beall et al.

January 29, 1992

Case No. (Law) 104928

BY JUDGE THOMAS J. MIDDLETON

The issue before the court is whether a decedent's estate is a proper defendant to a personal injury action. For reasons set forth below, the court dismisses the Estate of Eleanor Allen Mallam as a defendant in this action.

In order to confer jurisdiction on the court, the defendant, as well as the plaintiff, must have an actual legal existence. That is, he, she, or it must be a person in law, or a legal entity with legal capacity to sue or be sued. 59 Am. Jur. 2d *Parties* § 42. " 'An estate is not a legal entity. It is neither a natural nor artificial person but is merely a name to indicate the sum total of the assets and liabilities of a decedent or incompetent'." *Estate of Schoeller v. Becker*, 33 Conn. Sup. 79, 360 A.2d 905 (1975). Not having a legal existence, an estate lacks capacity to sue or be sued. *Id.* (citing *Vonchina v. Estate of Turner*, 154 Cal. App. 2d 134, 315 P.2d 723, 727 (1957)).

Although Virginia courts appear not to have addressed this precise issue, Virginia law is consistent with this principle.

Plaintiff mistakenly relies on Va. Code Section 8.01-229(B)(2)(a) for his argument that an estate is a proper defendant. That section provides in pertinent part:

> If a person against whom a personal action may be brought dies before the commencement of such action and before the expiration of the limitation period for commencement thereof, then *a claim* may be filed against the decedent's estate or *an action* may be commenced against the dece-

dent's personal representative before the expiration of the applicable limitations period or within one year after the qualification of such personal representative, whichever occurs later.

(Emphasis added.) This statute is not in conflict with the principle that an estate lacks capacity to sue or be sued. Although it allows one to file a *claim* against the property of an estate in a probate action, one may file *an action* only against the decedent's personal representative. Nothing in the statute authorizes the commencement of an action against the estate itself.

The Virginia wrongful death statute, as well, is consistent with the above principle. Va. Code § 8.01–50(B) provides that every wrongful death action "shall be brought by and in the name of the personal representative of such deceased person . . . ." Under the code, therefore, where the plaintiff, as opposed to the defendant, dies prior to the commencement of an action, only his personal representative, and not his estate, may sue.

In addition, Rules 2:16 and 3:15 of the Rules of the Supreme Court of Virginia provide that "if a party becomes incapable of . . . defending because of death . . . his successor in interest may be substituted as a party in his place." *See also* Va. Code § 8.01–22. A "successor in interest" is defined as "one who follows another in ownership or control of property." Black's Law Dictionary at 1283 (5th ed. 1979). The personal representative, who controls the property, and the heirs, who own it, are potential successors in interest. The estate is merely the property itself, neither owning nor controlling anything.

For all the foregoing reasons, the Estate of Eleanor Allen Mallam is dismissed as a party to this action.