[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The defendant moved to dismiss the instant action claiming that the named plaintiff "YALE UNIVERSITY SCHOOL of MEDICINE/OFFICE OF PROFESSIONAL SERVICES" is a non-existent entity. In support of such claim the defendant submits that the named plaintiff "YALE UNIVERSITY SCHOOL OF MEDICINE/OFFICE OF PROFESSIONAL SERVICES" is not a natural person nor an artificial person.
The plaintiff claims that the plaintiff is "YALE UNIVERSITY" (third page of the plaintiff's brief dated April 6, 1999). CT Page 9349
Firstly, it must be conceded and recognized that the named plaintiff "YALE UNIVERSITY SCHOOL OF MEDICINE/OFFICE OF PROFESSIONAL SERVICES" is not a natural person.
Secondly, the defendant has introduced credible and uncontroverted evidence that the records of the Office of the Secretary of the State of Connecticut fail to reveal a Connecticut or Foreign business by the name of"YALE UNIVERSITY SCHOOL OF MEDICINE/OFFICE OF PROFESSIONAL SERVICES" (Defendant's Exhibit A). In addition, the defendant has introduced credible and uncontroverted evidence that no trade name certificate is indexed in the City of New Haven Office of the City Clerk, pursuant to Conn. General Statute 35-1 for or in the name of "YALE UNIVERSITY SCHOOL OF MEDICINE/OFFICE OF PROFESSIONAL Services" (Defendant's Exhibit B). The court finds that the named plaintiff "YALE UNIVERSITY SCHOOL OF MEDICINE/OFFICE OF PROFESSIONAL SERVICES" is not an artificial person.
Therefore the court must conclude and does find that the named plaintiff "YALE UNIVERSITY SCHOOL OF MEDICINE/OFFICE OF PROFESSIONAL SERVICES" is a non-existent entity and unable to bring suit. It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is, he or it must be a person in law or a legal entity with legal capacity to sue. 59 Am Jur. 2, Parties § 20, 21. Estate of Schoeller v. Becher 33 Conn. Sup. 79
(1975).
Since there is no legal party plaintiff before the court to prosecute the action, the court is without jurisdiction and the motion to dismiss must be granted.
The plaintiff suggests that the case of Lussier v. Department ofTransportation 228 Conn. 343 (1994) is controlling in this case and that the named plaintiff "YALE UNIVERSITY SCHOOL OF MEDICINE/OFFICE OF PROFESSIONAL SERVICES" is a misnomer. However a misnomer can not be applied to a non-existent entity.
A plain, clear and unambiguous reading of the plaintiff's summons and complaint is that the named plaintiff is "YALE UNIVERSITY SCHOOL OF MEDICINE/OFFICE OF PROFESSIONAL SERVICES". This could not possible be ready plainly, clearly and unambiguously as "YALE UNIVERSITY" as the plaintiff "YALE UNIVERSITY SCHOOL OF MEDICINE/OFFICE OF PROFESSIONAL SERVICES" boldly asserts.
The plaintiff "YALE UNIVERSITY SCHOOL OF MEDICINE/OFFICE OF PROFESSIONAL SERVICES" would have the court believe the "State of Connecticut" is the same as the "State of Connecticut Judicial CT Page 9350 Department."
The defendant's motion to dismiss is granted.
JOHN W. MORAN, JUDGE