[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to dismiss this action, which is CT Page 1151 brought against him by the estate of Cecile Boulais, on the ground that an estate is not a proper party plaintiff and that this court therefore lacks subject matter jurisdiction. The plaintiff has filed a pleading titled "Plaintiff's Amendment of Complaint as of Right" purporting to substitute Dianne DeCristofaro, Executrix for the Estate of Cecile A. Boulais aka Estelle C. Boulais, as the plaintiff.
The motion to dismiss was scheduled for oral argument. By consent of counsel, the issue of the amendment was heard at the same time.
It is plain that, pursuant to General Statutes § 52-599(a), a cause of action survives the death of the person to whom it accrues but survives "in favor of . . . the Executrix or Administrator of the deceased person," not in favor of the decedent's estate.
Belatedly recognizing the provisions of § 52-599(a), the plaintiff estate has purported to amend the complaint to identify the plaintiff as Dianne DeCristofaro, Executrix of the estate of Cecile A. Boulais.
The defendant has moved to strike the purported amended complaint on the ground that since the original complaint was a legal nullity, there is nothing to amend.
The plaintiff Executrix asserts that the substitution of the executrix for the estate as the plaintiff is authorized by General Statutes § 52-128 and Practice Book § 175.
Section 52-128 provides in relevant part as follows:
 The plaintiff may amend any defect, mistake or informality in the writ, complaint, declaration or petition . . . within the first thirty days after the return day . . .
The Practice Book section invoked is identical to the statute in all relevant respects.
In finding that misnomer of a party defendant did not warrant dismissal in Lussier v. Department of Transportation, 228 Conn. 343
(1994), the Supreme Court noted the applicability of General Statutes § 52-123, which provides that "no writ, pleading . . . . in court . . . shall be abated, suspended, set aside or reversed for any CT Page 1152 kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." In Lussier, as in Pack v. Burns, 212 Conn. 381, 385-86 (1989), the Supreme Court found that misnomer of the defendant specified by statute did not warrant dismissal of the plaintiff's claim. The Court indicated that a practical approach should be taken where the actual defendant received notice, understood he was being sued and was in no way misled or disadvantaged by the misnomer.
The appellate courts have taken a different approach where an unauthorized party has initiated suit. In Isaac v. Mount SinaiHospital, 3 Conn. App. 598, cert. denied, 196 Conn. 807 (1985), the Appellate Court upheld dismissal of a suit brought on behalf of an estate by a person who had not been formally appointed the administrator of the estate. The Appellate Court noted that the plaintiff's capacity to sue was an issue of subject matter jurisdiction that was properly heard before considering any amendment that would have substituted a properly appointed administrator:
 [i]t is elemental that in order to confer jurisdiction on the court, the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue.
Isaac, 3 Conn. App. 600.
Noting that an estate is not a legal entity, the Court ruled that the estate itself could not bring the cause of action under the wrongful death statute, General Statutes § 52-555, which authorizes suits not by estates but only by either an executor or administrator.
General Statutes § 52-109, which the plaintiff has not cited, provides for amendment "When any action has been commenced in the name of the wrong person" by mistake. It does not appear that this statute has been applied where, as here, the case has been initiated by an entity that is not recognized at all as a "person" for purposes of bringing suit, and § 52-109 is not therefore mentioned in Isaac v. Mount Sinai. The court reads § 52-109 as allowing amendment where a person or legal entity recognized as having the ability to sue is identified instead of some other such proper party, see, e.g. FDIC v. Retirement Management Group, Inc.,31 Conn. App. 80, 84 (1993). Where the initial plaintiff is not a CT Page 1153 legal entity with the ability to bring suit, however, the refusal of the Appellate Court to allow amendment in Isaac v. Mount Sinai
suggests that § 52-109 is inapplicable where the initial suit is a nullity.
Pursuant to § 52-599(a), the Estate of Cecile Boulais was similarly not a proper plaintiff. Accordingly, the court lacked subject matter jurisdiction of this suit as filed. The Appellate Court ruled in Isaac, 3 Conn. App. 602, that such a lack of subject matter jurisdiction could not be cured by amendment, and the administrator in Isaac began a new suit invoking the savings provision of the accidental failure of suit statute, General Statutes § 52-592. See Isaac v. Mount Sinai Hospital, 210 Conn. 721
(1989).
Since the action filed in this court was brought and served on the defendant by an estate, the defendant has correctly claimed that this court lacks subject matter jurisdiction. The estate was not an entity authorized by law to bring this action. As the complaint is therefore a nullity, it cannot be saved by amendment, rather, a party authorized by law to initiate a claim may do so by bringing her own action.
The motion to dismiss for lack of subject matter jurisdiction is granted.