[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On May 26, 1994 the plaintiff, Estate of Savino Caponera applied to the Zoning Board of Appeals of the Town of East Haven for a variance of the minimum lot frontage of 80 feet in order to build a single family residence on a back lot.
The board denied the application and forwarded notice of the denial to the plaintiff dated July 27, 1994. Notice of the decision was duly published in the newspaper.
JURISDICTION
Following argument on the case the court issued the following order:
"Order for Reargument
 Following argument of the above-captioned matter, the following facts have come to the attention of the court: CT Page 12520-F
1. The application shows the `applicant' as Frank J. Kolb.
 2. The application shows the owner as `Estate of Savino Caponera, care Richard Caponera.'
 3. The JD-CV-1 shows the plaintiff as `Caponera, Savino, estate of, 429 Thompson Avenue, East Haven, Connecticut.'
 4. The citation reads `there to answer unto the foregoing complaint of the estate of Savino Caponera.'
 The Appellate Court has held: `it is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that he must be a person in law or a legal entity with legal capacity to sue.' [citations omitted]. An estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent. [citations omitted]. Not having a legal existence, it can neither sue nor be sued. Isaac v. Mt. Sinai Hospital, 3 Conn. App. 598 (1985). The opinion deals specifically with § 52-555, not applicable to this case, but does make it clear that any legal action in Connecticut on behalf of an estate must be maintained by the executor or administrator. In the instant case no evidence was presented that Savino Caponera was deceased. No evidence was presented that an estate had been opened and a fiduciary appointed, and most importantly it appears that the appeal has been brought in the name of the estate rather than the name of the fiduciary, if a fiduciary is in fact in place. It appears that the filing of the action in the name of the estate rather than in the name of the fiduciary implicates subject matter jurisdiction and that the appeal may be subject to being dismissed. The court notes that § 145 of the Practice Book provides `any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.' For the foregoing reasons the court orders reargument on the limited question of whether the appeal should be dismissed for failure to appeal in the name of a duly appointed fiduciary. Said argument shall be held in CT Page 12520-G courtroom 5-D at noon on October 27, 1995. The court by, Kevin E. Booth, Judge."
Following the above quoted order of the court, the plaintiff filed a "Request For Leave To Amend Complaint And Citation" dated October 23, 1995. The defendant filed a "Objection To Request For Leave To Amend Complaint And Citation" dated October 27, 1995 and the defendant filed a "Motion To Dismiss" dated October 27, 1995. Each of these pleadings were briefed by the respective parties and argued to the court in accordance with its "Order for Reargument."
DISCUSSION
The plaintiff relied largely on various cases where there was some defect in the form of citation or some type of misidentification of the defendant in an appeal. While the plaintiff has argued that bringing the case in the name of the estate rather than the name of a fiduciary was harmless error, the plaintiff cites no authority that persuades the court that the matter should not be dismissed for the reasons set forth inIsaac v. Mt. Sinai Hospital, 3 Conn. App. 598 (1985).
At the time of filing its "Request For Leave To Amend Complaint And Citation" the plaintiff filed a certified copy of the fiduciary probate certificate showing that the estate of Savino Caponera alias Savino A. Caponera was opened on March 1, 1993 and that Richard A. Caponera of 429 Thompson Avenue, East Haven was appointed executor. At oral reargument on October 27th, the town conceded that the estate was open and an executor has been appointed.
The most persuasive case supporting the plaintiff's "Request For Leave To Amend The Complaint And Citation" is the plaintiff's citation of ITT Semiconductors v. Matheson Gas, CV89-029553 (October 2, 1991); 5 Conn. L. 80, 1991 Casebase 8485 6 CSCR 947, Superior Court Judicial District of Ansonia/Milford at Milford. In that case the defendants filed motions to dismiss a lawsuit claiming that the court lacked subject matter jurisdiction. Specifically, the defendants claimed that the named plaintiff, ITT Semiconductors,
was a division of ITT Corporation, that a division is not a legal entity and thus lacks capacity to sue, and as a result, the plaintiff has no standing so that the court lacked subject matter jurisdiction. In the opinion in that case, Maiocco, J. held: CT Page 12520-H
 Here, the defendants knew that they were being sued by ITT Corporation, and it is clear no unfair prejudice or violation of their rights would result from a change of the named plaintiff in the writ of summons and complaint.
 Consequently, the court feels that it is in the interest of furthering litigation and advancing justice, to allow the plaintiff to amend its pleadings pursuant to Practice Book § 101 and § 6, by substituting the named plaintiff to be "ITT Corporation, doing business as ITT Semiconductor".
The court proceeded to deny the motion to dismiss.
An arguably contrary result was reached by the superior court in Estate of Boulais v. Boulais, CV94-0368009 (1995)13 Conn. L. Rptr. 462, Judicial District of New Haven at New Haven. In Boulais
the defendant moved to dismiss an action which had been brought against him by the estate of Cecile Boulais on the ground that an estate is not a proper party plaintiff and that the court therefore lacked subject matter jurisdiction. The plaintiff thereafter filed a pleading entitled "Plaintiff's Amendment Of Complaint As Of Right" purporting to substitute the executrix for the estate as the plaintiff. The court, Hodgson, J., scheduled the Motion to Dismiss for oral argument but, by consent of the parties, the issue of the amendment was heard at the same time. The same procedure was followed by this court in the instant case.
Relying on Lussier v. Department of Transportation, 228 Conn. 343
(1994), Judge Hodgson found that the misnomer of a defendant did not warrant dismissal of a plaintiff's claim and that the court should take a practical approach where the actual defendant received notice, understood he was being sued, and was in no way mislead or disadvantaged by the misnomer. However the Boulais
court went on to hold
 The appellate courts have taken a different approach where all unauthorized party has instituted suit. In Isaac v. Mt. Sinai Hospital, 3 Conn. App. 598 cert. denied 196 Conn. 807 (1985) the Appellate Court upheld dismissal of a suit brought on behalf of an estate by a person who had not been formally appointed the administrator of the estate. The Appellate Court noted CT Page 12520-I that the plaintiff's capacity to sue was an issue of subject matter jurisdiction that was properly heard before considering an amendment that would have substituted a properly appointed administrator. Boulais
at 599.
Noting that the estate in not a legal entity, the court ruled that the estate itself could not bring a cause of action which must be brought by an executor or an administrator. The court further noted that § 52-109, which provides for amendment "when any action has been commenced in the name of the wrong person," by mistake, does not appear to be applicable when, as here, the case has been initiated by an entity that is not recognized at all as a "person" for purposes of bringing a law suit. Section 52-109 is not mentioned in Isaac v. Mt. Sinai.
Section 52-109 allows amendment when a person or legal entity recognized as having the ability to sue is identified instead of some other proper party. See e.g. FDIC v. Retirement ManagementGroup Inc., 31 Conn. App. 80, 84 (1993). When the initial plaintiff is not a legal entity with the ability to bring a suit, however, the refusal of the Appellate Court to allow amendment inIsaac v. Mt. Sinai suggests that § 52-109 is inapplicable where the initial suit is a nullity.
Although it appears that in Isaac v. Mt. Sinai no fiduciary had been appointed, in Estate of Boulais v. Boulais a fiduciary had been appointed.
In the instant matter the court adopts the reasoning of Judge Hodgson who wrote
 Since the action filed in this court was brought and served on the defendant by an estate, the defendant has correctly claimed that this court lacks subject matter jurisdiction. The estate was not an entity authorized by law to bring this action. As the complaint is therefore a nullity, it cannot be saved by amendment. . . .
In the instant case a 15-day appeal period, provided in §8-8(b), has long since run. Whether or not the plaintiff in the instant case has any right to reinstitute the action is a matter which is not presently before the court and cannot be decided in this action.
For the foregoing reasons the "Request for Leave to Amend CT Page 12520-J Complaint and Citation" is denied. The Motion to Dismiss is granted. The appeal is dismissed.
The court by,
Kevin E. Booth, Judge