[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On February 5, 1996, the plaintiff filed a complaint against the defendants, Nilton Relende, and Olinda Silva, pursuant to a fatal motor vehicle/pedestrian accident on I-95 in Stamford.
On May 5, 1997, the defendants filed a motion to dismiss with a supporting memorandum of law claiming that the court lacks subject matter jurisdiction. The plaintiff filed an objection to the defendants' motion.
The defendants argue that the court does not have subject matter jurisdiction because the plaintiff is not legally cognizable. The plaintiff claims that it inadvertently omitted from its complaint a paragraph reflecting that an administrator had been appointed for the estate of the decedent, John Pavlowski. The plaintiff seeks to amend its complaint before the court rules on the motion to dismiss.
"Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Brackets omitted; internal quotation marks omitted.) Figueroa v. C. S. Ball Bearing,237 Conn. 1, 4, 675 A.2d 845 (1996). Accordingly, the court must consider the defendants' motion to dismiss before reaching the plaintiff's request to amend. See also Isaac v. Mount SinaiHospital, 3 Conn. App. 598, 600, 490 A.2d 1024, cert. denied,196 Conn. 807, 494 A.2d 904 (1985).
The defendants claim that the court lacks subject matter jurisdiction because the plaintiff as named in the summons and alleged in the complaint is not a legally cognizable plaintiff.
"[T]o confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with a legal capacity to sue. . . . An estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or CT Page 6838 incompetent. . . . Not having a legal existence, it can neither sue nor be sued." (Citations omitted; internal quotation marks omitted.) Id.
In the present case, the summons lists the estate of John Pavlowski as the plaintiff followed by a notation providing the name of April Palmieri, Admin. In the complaint, the only alleged plaintiff is the estate of John Pavlowski. It follows that since the decedent's estate is not a legally cognizable party, the court lacks subject matter jurisdiction over this suit under General Statutes § 52-555.[1].
In the context of a corporation case, this court allowed a party to amend its pleadings pursuant to Practice Book § 101[2] by substituting in the proper party where such substitution would cure a mere misnomer rather than bring in an entirely different party. See ITT Semiconductors v. Matheson GasProducts, Superior Court, judicial district of Milford, Docket No. 02 95 53 (October 2, 1991) (Maiocco, J) (5 Conn. L. Rptr. 80). However, in the context of wrongful death cases, General statutes § 52-109[3] "does not appear to be applicable when, as here, the case has been initiated by an entity that is not recognized as a `person' for purposes of bringing a law suit."Estate of Caponera v. ZBA of East Haven, Superior Court, judicial district of New Haven at New Haven, Docket No. 36 41 66,15 Conn. L. Rptr. 391
(November 17, 1995) (Booth, J.). See also Estate of Glassv. Glass, Superior Court, judicial district of Hartford, Docket No. 86 15 99 (September 30, 1991) (Berger, J.) (5 Conn. L. Rptr. 58). Consequently, this wrongful death case is distinguishable fromITT Semiconductors v. Matheson Gas Products, supra, Superior Court, Docket No. 02 95 53, and the plaintiff is not permitted to file an amended complaint which substitutes a new party, April Palmieri, as administrator for the estate of the decedent.
In conclusion, the court must address the issue of subject matter jurisdiction before ruling on the plaintiff's request to amend the complaint. It is clear that the court lacks subject matter jurisdiction over this matter, because the plaintiff has failed to assert its claims on behalf of a legally cognizable party. For the foregoing reasons, the defendants' motion to dismiss is granted.
MAIOCCO, J.