[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#111)
On May 15, 2000, the plaintiff, GMA Yacht Sales ("GMA"), filed a revised four count complaint against the defendant, Skagit Marine Distributing, Inc. ("Skagit"), alleging breach of dealership agreement, fraud and misrepresentation, a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b et seq., and intentional CT Page 11613 interference with business relations.
On May 8, 2000, the defendant filed a motion to dismiss the plaintiff's entire revised complaint on the ground that the court lacks subject matter jurisdiction because the plaintiff is not a legal entity and lacks standing to commence the suit.
The plaintiff filed an objection to the motion to dismiss on May 26, 2000. On the same date, the plaintiff also filed a request to amend the complaint and an amended complaint.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995). "[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings."Stamford Hospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of . . . and the court must fully resolve it before proceeding further with the case." (Brackets in original; internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1995).
The defendant argues that the court is without subject matter jurisdiction because the plaintiff is not a legal entity and therefore lacks standing to commence the lawsuit. Specifically, the defendant argues that GMA lacks standing to sue because A. A. Constantine brought this lawsuit using only GMA, the trade name of a sole proprietorship, rather than in his own name followed by d/b/a GMA. The plaintiff contends that it has adequately described an entity that has the capacity to sue.
"It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue." (Internal quotation marks omitted). Isaac v. Mount Sinai Hospital, 3 Conn. App. 598,600, 490 A.2d 1024, cert. denied, 196 Conn. 807, 494 A.2d 494 (1985). Generally, "an action may not be maintained with a mere trade name or business interest possessing no legal personality as plaintiff." ITTSemiconductors v. Matheson Gas Products, et al., Superior Court, judicial CT Page 11614 district of Ansonia-Milford at Milford, Docket No. 029553 (October 2, 1991, Maiocco, J.) (5 Conn.L.Rptr. 80). "No action may be brought by, nor may any suit be maintained against, a trade name as an entity. . . . Any such proceeding is a nullity." American Rental Centers v. ITTHartford Ins. Group, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 453271 (March 17, 1993, Berger, J.) (8 Conn.L.Rptr. 412).
In the present case the plaintiff's revised complaint does not acknowledge that GMA is a sole proprietorship and also fails to allege that A. A. Constantine is conducting business using the trade name, GMA. Thus, it cannot be inferred from the allegations in the complaint that A. A. Constantine is the plaintiff. Furthermore, the plaintiff has failed to correct the defect in its operative complaint through its amended complaint.[1] The amended complaint continues to use only the trade name, GMA, rather than A. A. Constantine's own name with the d/b/a stated. Thus, as GMA is a trade name with no legal existence, it lacks standing to sue.
The court concludes that the plaintiff is not a legal entity and lacks standing to commence this lawsuit. Accordingly the defendant's motion to dismiss for lack of subject matter jurisdiction is granted.
SKOLNICK, J.