## DEBORAH J. ISAAC, ADMINISTRATRIX (ESTATE OF REDGNARD ISAAC) *v.* MOUNT SINAI HOSPITAL ET AL. (2505)

DUPONT, C.P.J., HULL and SPALLONE, Js.

Argued February 6—decision released April 23, 1985

*Richard A. Bieder,* with whom, on the brief, was *Brenda C. Morrissey,* for the appellant (plaintiff).

*Andrew J. O'Keefe,* with whom were *Maureen A. Sullivan* and, on the brief, *Denise M. Phelan,* for the appellee (defendant Anesthesia Associates, P.C.).

*April Haskell,* for the appellee (named defendant).

*Louis B. Blumenfeld,* for the appellee (defendant St. Francis Hospital).

*Lois Tanzer,* for the appellee (defendant Richard Weltman).

SPALLONE, J. This is an appeal from the dismissal of a wrongful death action brought pursuant to General Statutes § 52-555.[1]

The decedent, Redgnard Isaac, died on April 20, 1979, while a patient at the defendant Mount Sinai Hospital. On March 30, 1981, the plaintiff, who is the decedent's daughter, filed a wrongful death action in which she alleged negligence in the treatment of the decedent by Mount Sinai Hospital and by the other defendants, St. Francis Hospital, physician Richard B. Weltman and Anesthesia Associates, P.C. The plaintiff also alleged in the complaint that she had been appointed administratrix of the decedent's estate on or about May 17, 1979. In the summer of 1982, she apparently discovered that she had only been authorized under General Statutes § 45-266 to handle survivorship property and had not, in fact, been appointed as administratrix. She was ultimately appointed administratrix of the decedent's estate on September 28, 1982.

On February 4, 1983, Anesthesia Associates, P.C., moved to dismiss the action for lack of subject matter jurisdiction. The motion to dismiss, in which the other defendants joined, rested on the ground that the plaintiff had failed to comply with the requirement of General Statutes § 52-555, which provides that an "executor or administrator" may recover thereunder.

[1] General Statutes § 52-555 provides: "In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of."

On March 25, 1983, the plaintiff requested permission to amend her complaint to reflect that she had been duly appointed administratrix of the estate on September 28, 1982, and moved to be substituted, in her capacity as administratrix, as party plaintiff. The trial court granted the motion to dismiss and the plaintiff appealed.

The trial court correctly considered the defendants' motion to dismiss before reaching the plaintiff's request to amend and motion to substitute. When a question of jurisdiction is brought to the court's attention, that issue must be resolved before the court can move on to other matters. *Baldwin Piano & Organ Co.* v. *Blake,* 186 Conn. 295, 297–98, 441 A.2d 183 (1982). This would appear to be particularly true where the question raised concerns subject matter, as opposed to personal, jurisdiction. See id., 298–99 (*Peters, J.,* concurring).

"It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue. 59 Am. Jur. 2d, Parties, §§ 20, 21. 'An estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent.' *Bar Association* v. *Connecticut Bank & Trust Co.,* 20 Conn. Sup. 248, 262 [131 A.2d 646 (1957)]. Not having a legal existence, it can neither sue nor be sued. *Vonchina* v. *Estate of Turner,* 154 Cal. App. 2d 134 [315 P.2d 723 (1957)]; 2 Locke & Kohn, Conn. Probate Practice § 375." *Estate of Schoeller* v. *Becker,* 33 Conn. Sup. 79, 79–80, 360 A.2d 907 (1975).

General Statutes § 52-555 creates a cause of action that may be maintained only by an executor or administrator of an estate. *Keogh* v. *Bridgeport,* 187 Conn. 53, 58, 444 A.2d 225 (1982). " 'Death, at common law,

is not a recoverable element of damage.' *Foran* v. *Carangelo,* 153 Conn. 356, 359 [216 A.2d 638 (1966)], citing *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 668 [136 A.2d 918 (1957)], and 22 Am. Jur. 2d, Death, § 1. It is only by reason of statute that a death action is maintainable in Connecticut. General Statutes § 52-555. This statute provides for the bringing of such an action by either an executor or an administrator; it does not confer on anyone else, including the parents of a decedent, any right to bring such an action individually." *Cofrancesco* v. *Smith,* 29 Conn. Sup. 139, 141–42, 275 A.2d 608 (1971).

Under General Statutes § 52-555, standing to bring a wrongful death action is thus conferred only upon either an executor or an administrator. By the defendants' motion, the plaintiff's standing to request an adjudication has been challenged. *Mystic Marine Life Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 492, 400 A.2d 726 (1978). The focus is properly upon the party wishing to get his complaint before the court and not upon the issues he wishes to have adjudicated. *Berlin* v. *Santaguida,* 181 Conn. 421, 423, 435 A.2d 980 (1980).

At the time the plaintiff brought this action, she erroneously alleged that she brought it as the administratrix of the decedent's estate. The plaintiff was not issued letters of administration, however, until September 28, 1982, more than three years after the alleged malpractice and more than one year after she initially brought suit. By the time she was appointed administratrix, the three year limitation for bringing an action under General Statutes § 52-555 had passed. That limitation is an essential element of the cause of action under the statute and, as such, it must be strictly observed. See *DeMartino* v. *Siemon,* 90 Conn. 527, 528–29, 97 A. 765 (1916). "The general rule is that a time limitation on the enforcement of a right, created by statute and not existing at common law, is a part

of that right and must be met in order to provide a court with jurisdiction to hear the cause of action. *Karp* v. *Urban Redevelopment Commission,* 162 Conn. 525, 529, 294 A.2d 633 (1972)." *Wilburn* v. *Mount Sinai Medical Center,* 3 Conn. App. 284, 288, 487 A.2d 568 (1985); see *Bridgeport Bowl-O-Rama, Inc.* v. *Zoning Board of Appeals,* 195 Conn. 276, 283, 487 A.2d 559 (1985).

The plaintiff's argument that the court should have permitted her to amend the complaint is without merit. The named plaintiff in the original complaint never existed. As a consequence, there was no legally recognized entity for which there could be a substitute.

There is no error.

In this opinion the other judges concurred.