[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Douglas Hillebrand, filed this action seeking to recover money damages from the state of Lucy Ferrara, which the plaintiff alleges was the owner of a parking garage from which his car was stolen. The sheriff's return indicates that the complaint was served on "Mary Landino, Admrx. of the Estate of Lucy Ferrara."
The defendant has moved to dismiss on the ground that since Mary Landino is not the administratrix of the estate of Lucy Ferrara, the court lacks jurisdiction over the estate. The plaintiff has moved to substitute as a party defendant John Ferrara, who is alleged to be the actual administrator of the estate.
Contrary to the premise of the plaintiff, an estate is not a legal entity. As the Appellate Court observed in Isaac v. Mount Sinai Hospital, 3 Conn. App. 598, 600 (1985), reversed on other grounds 210 Conn. 721 (1988), an estate "is neither a natural nor an artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent."
As 52-60 (a) and 52-61 C.G.S., the statutes concerning non-resident administrators, indicate, service is to be made on an estate by serving the court appointed administrator of the estate in his or her representative capacity.
The plaintiff concedes that Mary Landino is not, in fact, the administratrix of the estate of Lucy Ferrara, however he seeks to substitute another party claimed to be the actual administrator without serving that party with process. Since the estate is not before the court absent service of process pursuant to 52-57 C.G.S. on the individual who serves as the administrator, the motion to dismiss is granted for lack of in personam jurisdiction, and the motion to substitute a party defendant is denied.
HODGSON, JUDGE