[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks a prejudgment remedy for sums allegedly owed for roof repair and replacement on the defendant's residence.
Reading the summons and the complaint together; Buttner v.Planning Zoning Commission, Superior Court, Judicial District of Fairfield, No. 304231 (1994), p. 2; 67A C.J.S., Parties, § 117; it is clear that the sole plaintiff is Solar Sheet Metal Pomazi Roofing Company. The evidence was that there is no such "company" or corporation, notwithstanding that use of the word "company connotes a corporation. General Statutes § 33-287.[1] Rather, Solar Sheet Metal Pomazi Roofing Company is a trade name or "dba" for Stephen Pomazi. "Doing business under another name does not create an entity distinct from the person operating the business." Duvalv. Midwest Auto City Inc., 425 F. Sup. 1381, 1387 (D.Neb. 1977). "It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue." Isaac v. Mount Sinai Hospital, 3 Conn. App. 598, 600,490 A.2d 1024, cert. denied, 196 Conn. 807, 494 A.2d 494 (1985). "Ordinarily, a challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. However, `[w]henever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon its own motion.'" (Emphasis in original; footnotes omitted.) Park CityCT Page 11819Hospital v. Commission on Hospitals Health Care, 210 Conn. 697,702, 556 A.2d 602 (1989).
Since there is no proper plaintiff before the court, the application for a prejudgment remedy is dismissed. Cf.Isaac v.Mount Sinai Hospital, supra, 602.