[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
By "complaint" dated May 5, 1995, the plaintiff, Taftville Reservoir Preservation Group, apparently acting by Lucinda B. Babour, brought an action against the Norwich Commission on the City Plan and other officials of the City of Norwich.
Although that "complaint" is unusual in form, it can be read as purporting to be an appeal pursuant to § 22a-19 of the Connecticut General Statutes as well as an appeal from the action of the City Planning Commission pursuant to § 8-8 of the Connecticut General Statutes.
At one time or another, the Taftville Reservoir Preservation Group appears to have claimed that the plaintiff was either the group, which is an unincorporated association, or Brian CT Page 6619 Chmielecki or Maurice Fontaine or the aforementioned Lucinda Babour.
Whatever the argument may have been, concerning any of the named individuals, the only plaintiff named in the body of the original "complaint" is Taftville Reservoir Preservation Group.
On October 28, 1996, the Preservation Group filed a pleading headed "Motion to Modify Interim Order." On November 15, 1996, this court granted the motion with the following order:
 "ORDERED that plaintiff is to file its revised complaint clearly delineating the 8-8 and section 22a-19 claims within the time originally set forth by the court and that each party shall include in its brief on jurisdiction discussion of the validity of the 8-8 and section 22a-19 claims."
The Preservation Group's "revised complaint" dated November 11, 1996, and filed in the court on November 15, 1996, identifies the plaintiff as the "Taftville Reservoir Preservation Group," ("TRPG").
It thus appears to the court that the TRPG has abandoned any claim that there is any plaintiff/appellant in this case other than the TRPG. The TRPG describes itself in the "revised complaint" as a voluntary association of concerned citizens and Norwich land owners working to preserve and maintain the integrity of the Taftville Reservoir in its adjoining woodlands and wetlands as a viable and productive habitat.
The Section 8-8 Appeal.
In order to bring an appeal from the doings of the City Planning Commission, the plaintiff must be a "aggrieved person" as that term is defined in § 8-8 (1) of the Connecticut General Statutes. Further the burden of proving aggrievement is on the plaintiff. The plaintiff has made no claim that it owns land which abuts or is within a radius of 100 feet of the property which is subject to appeal. In fact, the plaintiff has made no claim, and as a voluntary association cannot make such a claim, that it owns any real estate. Accordingly, the plaintiff is not statutorily aggrieved.
The plaintiff makes no clear claim of classical aggrievement CT Page 6620 as that term is defines in Hughes v. Town Planning Commission,156 Conn. 505 (1968) and numerous other cases. Hughes holds that in order to establish the necessary aggrievement an appellant must prove that he or she:
 ". . . has a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community and that (he or she was) specifically and injuriously affected in their property or legal rights."
Id., 507, 508.
Such aggrievement is jurisdictional prerequisite to maintaining this appeal. General Statutes § 8-8 (b) Bakelaarv. West Haven, 193 Conn. 59, 65 (1984).
TRPG appears to be a loose association of families residing in the Taftville Reservoir area. The association does not own any property. There is no evidence that it has any office or mailing address. There is no evidence of any regular meetings and there is no evidence of any bylaws, rules or constitution. The actual membership is likewise problematic.
In Connecticut Association of Health Care Facilities, Inc. v.Worrell, 199 Conn. 609, 619 (1989), the court held:
 "An association has standing to bring suit on behalf of its members where: (a) its members would otherwise have standing to sue in their own right; (b) the interest it seeks to protect are germane to the organization's purpose; and (c) either the claim asserted nor the relief requested requires a participation of individual members in the law suit."
In Rankel, et al v. Zoning Commission of the Town ofMarlborough, CV84-0289971 (judicial district of Hartford, October 18, 1985, Aronson, J.) the court held that a voluntary association such as TRPG has no standing to sue because it cannot show an injury to itself.
Similarly, and for the same reasons that are set forth in this opinion, the Superior Court held that in BucklandCT Page 6621Neighborhood v. Planning and Zoning Commission, CV91-0392953 (judicial district of Hartford, March 31, 1992, Maloney, J.) under virtually the same facts that are before this court, that an unincorporated voluntary association cannot be an aggrieved party in an 8-8 appeal.
The court recognizes that under § 52-572 (j) of the General Statutes when an association fails to enforce rights which may properly be asserted by it, a derivative action may be brought by a member. The court finds that the association was not aggrieved and therefore no member may bring a derivative action. Equally important in the instant case, there is no action which purports to be brought by a member, but only an action brought by the association itself.
For the foregoing reasons, the court finds that the Taftville Reservoir Preservation Group is not aggrieved. Since aggrievement is a jurisdictional requirement. The Preservation Group's appeal pursuant to § 8-8 is dismissed.
The 22a-19 Appeal
Section 22a-19 of the General Statutes provides as follows:
 "Administrative Proceedings. (a) in any administrative licensing or other proceeding, and in any judicial review thereof made available by law, the Attorney General, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the affect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."
The plaintiff argues that it is an association and, therefore, that its appeal is specifically authorized by §22a-19. It appears to be conceded that the association was allowed to intervene pursuant to statute at the local administrative level. The defendants read the statute as CT Page 6622 requiring that the plaintiff not only be an "association" but also that it be a "legal entity." The court agrees with the defendants that the association must be a "legal entity," or at least that it must be capable of maintaining a legal action in order to bring an appeal pursuant to § 22a-19. The court regards as essentially irrelevant the fact that the administrative agency at the local level may have allowed participation by an association if the court concludes that the association had no right to participate.
The defendants argue that if a party has not taken appropriate and required steps to become a "legal entity," it may not bring a lawsuit in the state of Connecticut. They rely onIssac v. Mount Sinai Hospital, 3 Conn. App. 598, 490 A.2d 1024,cert. denied, 196 Conn. 807 (1985). In Issac, the Appellate Court held:
 "It is elemental that in order to confer jurisdiction on the court, the plaintiff must have an actual legal existence, that he or it must be a person in law or a legal entity with legal capacity to sue . . . not having a legal existence it can neither sue nor be sued."
Id., at 599.
In Issac, the decedent Redgnard Issac died while a patient at the defendant Mount Sinai Hospital. The plaintiff, who was the decedent's daughter, filed a wrongful death action in which she had alleged negligence in the treatment of the decedent by the hospital and others. The plaintiff had alleged that she had been appointed administratrix of the estate of the decedent. Subsequent to the filing of the suit, it was discovered that the plaintiff had been authorized, pursuant to § 45-266 of the General Statutes, to handle survivorship property and had not, in fact, been appointed as administratrix. She was ultimately appointed administratrix in September of 1982. A motion to dismiss was filed which rested on the ground that the plaintiff had failed to comply with the requirements of § 52-555 which provides that a "executor or administrator" may recover thereunder. The appellate court held that an estate is not a legal entity, it is neither a natural nor artificial person, but is merely a name to indicate the sum total of assets and liabilities of the decedent or incompetent. Bar Association v.Connecticut Bank Trust, 20 Conn. Sup. 248, 262, "not having a CT Page 6623 legal existence it cannot sue or be sued [citations omitted]."Issac, at 600.
If the instant appeal pursuant to § 22a-19 had been brought by an estate, Issac would be clearly controlling and the court would dismiss the matter.
However, in the instant case, the plaintiff is not an estate, lacking legal existence, but rather is a voluntary association. Section 52-56 of the General Statutes provides, in pertinent part, that:
 "Any number of persons associated together as a voluntary association, not having corporate powers, but known by a distinguishing name, may sue and be sued and plead and be impleaded by such name . . . ."
The issue facing this court, is whether the application of § 52-76 to the facts before it distinguishes the instant case from Issac.
The court finds that since § 52-56 specifically authorizes voluntary associations to bring lawsuits, the plaintiff, upon the filing of a verified pleading asserting the facts required by statute, had the right to intervene pursuant to § 22a-19.
For the foregoing reasons, the court finds that the plaintiff is an association which pursuant to § 22a-19 may participate in a judicial review of the administrative proceedings to determine whether those proceedings are reasonably likely to have the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state.
It appears to the court that the only judicial review of these administrative proceedings "available by law" is pursuant to § 22a-43. The court notes that pursuant to § 22a-43, notice of such appeal shall be served on the Inland Wetlands Agency and the Commissioner of Environmental Protection. The Commissioner has the right to appear as a party in the action within thirty days. The plaintiff is ordered to serve a copy of the "complaint" on the Commissioner of Environmental Protection within thirty days of the date of this decision. CT Page 6624
Nothing in this decision is intended to comment on or rule upon any motion to dismiss or any motion to challenge jurisdiction which may be raised by the Commissioner of Environmental Protection, should he choose to become a party of the action.
The appeal pursuant to § 8-8 is dismissed. The appeal raising the issues set forth in § 22a-19 is not dismissed. The plaintiff is ordered to give notice to the Commissioner of Environmental Protection.
Booth, J.