[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's father, Magdy Nouh, was a tenant of Marion T. Shuttleworth, an incapable person, at premises known as 271-272 Sound Beach Avenue in Old Greenwich. Robert G. Krause, Esquire, was appointed as the conservator of Shuttleworth's estate on July 19, 1994, and held that position until Shuttleworth's death on July 18, 1995. The plaintiff, Magdy Nouh, and his son Mohamed Nouh, born on August 6, 1992, lived in the subject premises until November 28, 1994.
The complaint alleges that on or about September 8, 1994, CT Page 1331 Mohamed Nouh received a blood lead screen which revealed a significantly elevated lead level indicating undue exposure to toxic lead. The complaint further alleges that on or about September 8, 1994, pursuant to Connecticut General Statutes §19a-111, the Department of Health of the Town of Greenwich inspected the premises for lead paint and chipping and flaking paint. As a result of that inspection, on or about September 19, 1994, the Department of Health allegedly found the presence of lead paint containing more than point five percent (.5%) of lead by weight in sixty-one (61) locations and the presence of chipping and flaking paint in every room.
Magdy Nouh brings the current suit as the parent and next best friend of Mohamed Nouh, against the defendants, the Estate of Marion T. Shuttleworth, Robert G. Krause, Esq., the conservator of Marion T. Shuttleworth, and Marian Hartig, the executrix of the will of Marion T. Shuttleworth, for personal injuries and expenses attributable to the alleged negligence of the defendants.
The defendants have moved (#102) to dismiss the complaint as to the Estate of Marion T. Shuttleworth and Robert G. Krause, Esq., conservator.
The plaintiff has not filed any papers in opposition to this motion. "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 143. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991).
The defendants claim that the plaintiff cannot maintain a cause of action against the Estate of Marion T. Shuttleworth because the court lacks jurisdiction. "It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue. . . . An estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or CT Page 1332 incompetent. . . . Not having a legal existence, it can neither sue nor be sued." (Citations omitted; internal quotation marks omitted.) Isaac v. Mount Sinai Hospital, 3 Conn. App. 598, 600,490 A.2d 1024, cert. denied, 196 Conn. 807, 494 A.2d 905 (1985). Accordingly, the motion to dismiss is granted as to the Estate of Marion T. Shuttleworth because the court lacks jurisdiction.
The defendants also seek to dismiss the complaint as to Krause on the grounds that the end of the conservatorship upon the death of Shuttleworth terminated the legal entity of the conservator. The death of the incapable person terminates the conservatorship. General Statutes § 45-77; Kerin v. Stangle,209 Conn. 260, 266-67, 550 A.2d 1069 (1988). Therefore, the court lacks jurisdiction over Krause, as he is no longer the conservator of the Shuttleworth estate. The motion to dismiss as to Krause is granted. So Ordered.
Dated at Stamford, Connecticut, this 20th day of February, 1997.
WILLIAM B. LEWIS, JUDGE