[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED FEBRUARY 21, 1997
On August 22, 1996, the plaintiff, Gus Efthimiou, Jr., as Executor of the Estate of Eleanor C. Smith, filed a complaint against the defendant, Richard B. Smith. The gravamen of the complaint is that the defendant breached his contractual obligations to Eleanor C. Smith and her estate, and violated his fiduciary obligations to Eleanor C. Smith and her estate by acting in a manner contrary to the provisions of certain agreements and trusts.
On November 12, 1996, the defendant filed an answer, seven special defenses and a two-count counterclaim. On December 23, 1996, the plaintiff filed a motion to strike the second count of the defendant's counterclaim.[1] This motion is presently before the court.
The function of a motion to strike "is to test the legal sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994); Practice Book § 152. A motion to strike properly tests the legal sufficiency of a counterclaim. Practice Book § 152(1). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS Inc., 195 Conn. 91, 108,491 A.2d 368 (1985). When reviewing a motion to strike, the "trial court must take the facts to be those alleged in the [attacked pleading] . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted.) Liljedahl Bros,Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). When ruling on a motion to strike, the court must construe the facts most favorably to the nonmoving party and "[i]f facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors,CT Page 1882Inc. v. Fusco Corp., supra, 384.
Practice Book § 116 provides in pertinent part that "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiffs complaint . . ." A counterclaim is "a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows recovery by the defendant." Home Oil Co., Inc. v.Todd, 195 Conn. 333, 341, 487 A.2d 1095 (1985).
In the present case, the second count of the defendant's counterclaim alleges that Gus Efthimiou, Jr., committed malpractice in the preparation and drafting of Eleanor C. Smith's last will and testament. This allegation relates to the conduct of Gus Efthimiou, Jr. in his individual capacity as counsel for Eleanor C. Smith, it does not relate to the actions of the plaintiff, Gus Efthimiou, Jr., as Executor of the Estate of Eleanor C. Smith. "[O]ne who sues or is sued in an individual capacity is legally distinct from any capacity he or she may have as a legal representative of an estate . . ." Milboer v.Mottolese, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 11 09 76 (November 3, 1996) (Nigro, J.): see Isaac v. Mount Sinai Hospital, 3 Conn. App. 598, 600-01,490 A.2d 1024, cert. denied, 196 Conn. 807. 494 A.2d 904 (1985). Where the plaintiff is the executor of an estate, a counterclaim may not be filed against the executor in an individual capacity.Franklin v. St. Luke's Community Services, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 1167 91, 6 CONN. L. RPTR. 198 (March 20, 1992) (Rush, J.) (an administratrix prosecuting a wrongful death action is not subject to a counterclaim against her in her individual capacity).
Accordingly, the plaintiff's motion to strike the second count of the defendant's counterclaim is granted.
SKOLNICK, J.