[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Fitzroy Walker, as administrator of the estate of Gloria Walker, has filed a complaint alleging a wrongful death action. The defendant, Barbara Bates, executrix of the estate of William Lutz, moves (#167) to dismiss the complaint on the ground that the court lacks subject matter jurisdiction.
The undisputed facts are as follows. The plaintiff's decedent, Gloria Walker, was a resident of New York and died on April 15, 1997 in Greenwich Connecticut. On June 23, 1997, Fitzroy Walker petitioned the Surrogate's Court of the state of New York for letters of administration, and represented on the petition that he was the husband of the decedent, Gloria Walker. The letters of administration were awarded to Fitzroy Walker on June 23, 1997, and Fitzroy Walker was thereby appointed administrator of the estate of Gloria Walker. On April 4, 1998, the plaintiff commenced the present action against the defendants.
Fitzroy Walker was not in fact the husband of the decedent Gloria Walker at the time of her death and his application for letters of administrator. On October 1, 1996, the marriage between Fitzroy and Gloria Walker had been dissolved in a divorce action. On December 13, CT Page 4712 1999, Andrew Bennett, Gloria Walker's son, was substituted as administrator of the estate of Gloria Walker. On December 28, 1999, the plaintiff filed a motion to substitute Andrew Bennett, administrator of the estate, as the named plaintiff in the present action. The motion to substitute the plaintiff has not been ruled upon by the court.
The defendant relies on Isaac v. Mount Sinai Hospital,3 Conn. App. 598, 490 A.2d 1024 (1985) to argue that the plaintiff was not a duly appointed administrator of the estate at the time of the commencement of the action, and, accordingly, the court lacks subject matter jurisdiction to hear this claim. In Isaac, the plaintiff, the daughter of the decedent, brought a wrongful death action, alleging that she had been appointed administratrix of the decedent's estate. Id., 599. After the action was commenced, the plaintiff discovered she had not, in fact, been appointed administratrix of the estate. Id. The court found that it did not have subject matter jurisdiction to hear the claim because "[u]nder General Statutes § 52-555, standing to bring a wrongful death action is . . . conferred only upon either an executor or administrator. . . . At the time the plaintiff brought this action, she erroneously alleged that she brought it as the administratrix of the decedent's estate. The plaintiff was not issued letters of administration, however, until September 29, 1982, more than three years after the alleged malpractice and more than one year after she initially brought suit." Id., 601. The court also held that the trial court properly did not permit her to amend her complaint because the other named plaintiff in the original complaint, the estate of the decedent, was not a legally recognized entity, and as such could not confer jurisdiction on the court. See id., 600-02.
The defendant's argument is not persuasive. In Isaac, neither the plaintiff daughter nor the estate had standing to confer jurisdiction on the court at the commencement of the action. See Isaac v. MountSinai Hospital, supra, 3 Conn. App. 600-02. The plaintiff daughter did not have standing because she was not the appointed administrator of the estate, and the estate did not have standing to confer jurisdiction because the estate was not a legally recognized entity. See id. In contrast, the plaintiff in the present case was appointed administrator of the estate. "[A] ceording to the rule usually recognized, an administrator appointed and qualified by a court of competent authority is the lawful representative of the estate until his or her appointment is rescinded, although another had the better right to be the administrator." 33 C.J.S. 731, Executors and Administrators § 84 (1998). The fact that a subsequent administrator CT Page 4713 was appointed does not deprive the court of subject matter jurisdiction. See Engelman v. Zink, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 042735 (June 2, 1998,Curran, J.) ("even though the plaintiff no longer has an interest in the controversy, the court is not deprived of subject matter jurisdiction because, at the time of the institution of the suit, the plaintiff clearly had such an interest . . ."). Accordingly, the court finds that it has subject matter jurisdiction to hear the plaintiff's claim because the plaintiff had standing to commence the present action, and the court is not deprived of subject matter jurisdiction by the fact that the plaintiff no longer has an interest in the controversy.
For the foregoing reasons, the motion to dismiss is denied. Because this motion to dismiss has now been ruled on, motion # 152 to substitute Andrew Bennett, administrator, as plaintiff is granted.
So Ordered.
Dated at Stamford, Connecticut this 28th day of April, 2000.
WILLIAM B. LEWIS, JUDGE