[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
Defendant filed this motion to dismiss on December 7, 2001, on the ground that this action was started, by the "Estate of James Olsen" which is not a person and unable to sue or be sued, and therefore there is no jurisdiction in this Court. The defendant relies primarily on cases dismissing actions involving deceased defendants, in which a proper fiduciary had not been named or served. It also cites Isaac,Administrator v. MT. Sinai Hospital. et al, 3 Conn. App. 598 (1985) which affirmed the dismissal of a case in which the plaintiff alleged that she was appointed administrator of a decedent estate but in fact was not so appointed until some three years later.
In the present action, at first glance, there appears to be a real question as to whom is "named" as plaintiff.
On the summons, in the space provided for "first named plaintiff' appears "Olsen, James, Estate of".
In the complaint itself, paragraph 1 of count 1, refers to the "plaintiff, James Olsen", as an individual who resided at 19 Villa Louja Road . . .
However, paragraph 2, states:"
"On June 25, 2001, the Manchester probate court appointed Leona Olsen, Executrix of the Estate of James Olsen, hereinafter referred to as the Estate".
In paragraphs 5, 6, 9, and 10, in describing the situation in which James Olsen, fell off the roof of his property while the defendant was conducting certain home improvements, the sole reference is to the CT Page 3916 "plaintiff's estate".
Attached to the complaint and summons served on defendant was a Manchester probate court certificate showing that Leona I. Olsen was appointed Executrix of the Estate of James M. Olsen on June 25, 2001.
The briefs on this motion to dismiss center on whether plaintiff's amended complaint filed on January 18, 2002 clarifying the name of the plaintiff as Leona Olsen, Executrix of the Estate of James M. Olsen, was effective in curing the claimed jurisdictional defect In this court's view, however, there was no jurisdictional defect because the complaint, as ineptly drawn as it was, was sufficient to advise this Court and the defendant that the plaintiff was in fact Leona Olsen, Executrix of the Estate of James M. Olsen. References in the complaint to the decedent or to the "Estate" were clerical errors, and do not impact on the jurisdiction of this Court.
CPB § 8-1 "Mesue Process" requires "Mesue Process in civil actions should be a writ of summons or attachment, describing the parties . . ." (Emphasis added). In this case, the plaintiff has been adequately described.
Unlike many of the cases cited by defendants, in which jurisdiction over defendants were involved or the very existence of the fiduciary named as a party was not clear as of the time the action was commenced, a fair reading of the summons and complaint reveals no uncertainty as to the plaintiff in this case. The proper plaintiff, Leona Olsen, Executrix of the Estate of James Olsen was specifically named in the second paragraph of count 1 and in the attached probate certificate. The other references to the plaintiff as the "Estate" or James Olson were sloppy references to the real plaintiff. The broad policies set forth in Practice Book § 9-19 and 9-20 favor the saving of actions where there has been mistakes in the naming of a party plaintiff. In this case the party plaintiff, Leona Olsen, Executrix of the Estate of James Olsen, had been duly appointed and sufficiently described to confer jurisdiction in this Court. Estate of Richard Bakula, et al v. Herman 13 CLT 14 April 6, 1987 Aronson J); Vasel v. Vasel jud. dist. Hartford No. CV 950556058, 17 CLK 548 (Sept 17, 1996 Wagner J.)
Motion to dismiss denied.
Wagner J., JTR