[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS #105
The defendant moves to dismiss for lack of subject matter jurisdiction because the plaintiff did not file a proof of claim by the deadline set by the bankruptcy court.
The plaintiff, Leon Tessier, acting as administrator of the estate of Florence Tessier, filed this action against the defendants, Windsor Rehabilitation and Healthcare Center (Windsor Rehabilitation) and Kindred Nursing Centers East, LLC, on July 13, 2001. The plaintiff was appointed administrator of Florence Tessier's estate on March 20, 2001. This is a wrongful death action. The plaintiff alleges that on April 8, 1999, at 5:00 a.m., the plaintiffs mother, Florence Tessier (the decedent), was in a wheel chair with a waist restraint on the premises of Windsor Rehabilitation. The plaintiff alleges that Windsor Rehabilitation, acting through its agents, servants or employees incorrectly harnessed the slide buckle lap belt on the wheel chair and failed to properly supervise and ensure the safety of the decedent causing the decedent's death. On March 20, 2001, the plaintiff was appointed administrator of the decedent's estate and subsequently commenced this action on July 2, 2001.
On September 13, 1999, the defendants filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. On December 14, 2000, the defendants filed with the bankruptcy court their fourth amended joint plan of reorganization. (Defendant's Memorandum, Exhibit A, Affidavit of Beata Gocyk-Farber, June 8, 2001.) The plan was confirmed on March 19, 2001, and the effective date of the plan was April 20, 2001. (Defendant's Memorandum, Exhibit A, Affidavit of Beata Gocyk-Farber, June 8, 2001.) The Notice of the Effective Date of Fourth Amended Joint Plan of Reorganization, attached to Exhibit A of the defendant's memorandum, states that "the general bar date for the filing of proofs of claim related to prepetition claims arising prior to September 13, 1999, was January 7, 2000." The plaintiff has not filed a proof of claim. (Defendant's Memorandum, Exhibit B, Affidavit of Kathy Gerber, October 15, 2001.)
On October 19, 2001, the defendants, pursuant to Practice Book §10-30, filed a motion to dismiss the plaintiffs action on the ground that the court lacks subject matter jurisdiction. Specifically, the defendants argue that the commencement and maintenance of this action violate the order of the United States Bankruptcy Court for the District of Delaware because the plaintiffs claim arose pre-petition and no proof of claim was filed by January 7, 2000. Thus, the defendants contend that the CT Page 8851 plaintiffs claim has been discharged by the confirmation of the plan.[1]
The defendants submitted a memorandum of law in support of their motion.
Practice Book § 10-31, states that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 140
n. 8, 749 A.2d 1147 (2000). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative ofBridgeport, Inc. v. Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997).
The first issue is whether the plaintiffs claim arose pre or post-petition. "A claim will be deemed pre-petition when it arises out of a relationship recognized in, for example the law of contracts or torts. A claim exists only if before the filing of the bankruptcy petition, the relationship between the debtor and the creditor contained all of the elements necessary to give rise to a legal obligation . . . under the non-bankruptcy law." In Re Duplan Corp., 212 F.3d 144, 152 (2nd Cir. 2000). The relationship between the plaintiff and the defendant did not contain the elements necessary to give rise to a legal obligation until the plaintiff was appointed administrator of his mother's estate on March 20, 2001. The decedent's estate was unable to bring this action until an administrator was appointed. "It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue. . . . An estate is not a legal entity." (Citations omitted; internal quotation marks omitted.) Isaac v. MountSinai Hospital, 3 Conn. App. 598, 600, 490 A.2d 1024, cert. denied,196 Conn. 807, 494 A.2d 904 (1985).
In addition, classifying the plaintiffs claim as a pre-petition claim "would lead to harmful results that would not serve any rational federal interest in enforcing the bankruptcy laws." Warner v. Village ManorHealth Care, Inc., et al., Superior Court, judicial district of New London at New London, Docket No. 555034 (August 9, 2001, Corradino, J.). An entity considering filing a petition would "lose some incentive to correct or change its negligent ways if negligent acts or failures to act which have not yet affected another party or brought about an injury producing event could be swept under the umbrella provided by the code's treatment of prepetition claims." Id. Thus, the plaintiffs claim arose post-petition and he was not required to file a proof of claim. CT Page 8852 Accordingly, the court denies the motion to dismiss.
 ___________________ Hennessey