## FIRST UNION NATIONAL BANK *v.* PATRICK J. SISTI ET AL.

Superior Court, Judicial District of Hartford

File No. CV-98-0581047S

Memorandum filed December 15, 2004

*Susman, Duffy & Segaloff* and *McCarter & English*, for the named plaintiff.

*McCarter & English*, for the plaintiff LLP Mortgage, Ltd.

*John Barbieri* and *Murphy, Laudati & Kiel*, for the named defendant et al.

*Murphy, Laudati & Kiel*, for the defendant Michael's Auto Body, Inc.

*Robert A. Ziegler*, for the defendant Linda Sisti.

*United States Attorney, District of Connecticut*, for the defendant United States of America, Internal Revenue Service.

*Elliott, Starek & Sciata*, for the defendant town of Southington.

*Denorfia, Gallagher & Kennedy,* for the defendant Collision Auto Body Specialist.

HON. ROBERT SATTER, JUDGE TRIAL REFEREE. The defendants move to dismiss the present mortgage foreclosure action on the ground that the plaintiff LPP Mortgage, Ltd. (plaintiff), lacks standing because it has failed to register as a foreign limited partnership or foreign limited liability partnership pursuant to General Statutes §§ 34-38*l* and 34-430.

The facts are as follows. The plaintiff is the assignee of the mortgage involved in the present action. In its second and third amended complaint, the plaintiff alleges that it is a "Texas limited partnership." In responding to the defendants' fourth special defense, in which the defendants alleged that the plaintiff is a foreign limited liability partnership, the plaintiff admitted the allegation made there. The plaintiff claims that admission was inadvertent, however, and has since moved this court to amend the response to that special defense to correct the mistaken admission. Moreover, the plaintiff supports its assertion that it is a Texas limited partnership by exhibiting the assignment to it of the mortgage, which clearly revealed it to be a Texas limited partnership. This court finds the evidence persuasive and on the basis of that evidence finds that the plaintiff is a Texas limited partnership. Consequently, the defendants' claim that the plaintiff lacks standing for failure to register as a foreign limited liability partnership, pursuant to § 34-430, is without merit.

With respect to the plaintiff's standing to sue as a foreign limited partnership, the uncontested fact is that the plaintiff has not registered with the secretary of the state. Section 34-38*l* (a) provides: "A foreign limited partnership transacting business in this state may not maintain any action, suit or proceeding in any court of this state until it has registered in this state." Section

34-38*l* puts into question the plaintiff's right to bring the present action. *Stamford Hospital* v. *Vega*, 236 Conn. 646, 656, 674 A.2d 821 (1996). In order to confer jurisdiction on the court, the plaintiff must have the " 'legal capacity to sue.' " *Isaac* v. *Mount Sinai Hospital*, 3 Conn. App. 598, 600, 490 A.2d 1024, cert. denied, 196 Conn. 807, 494 A.2d 904 (1985). Clearly, § 34-38*l* (a) implicates the court's jurisdiction.

A careful reading of § 34-38*l* (a), however, indicates that the prohibition against a foreign limited partnership suing in Connecticut is dependent on whether it is "transacting business in this state . . . ." General Statutes § 34-38*l* (a). General Statutes § 34-38o of the Uniform Limited Partnership Act specifies activities that do not constitute transacting business in this state. Subsection (a) of § 34-38o provides: "Any foreign limited partnership may purchase, hold, mortgage, lease, sell and convey real and personal property in this state for its lawful acts and purposes, and may hold such property as it may acquire by foreclosure or otherwise in payment of debts due such limited partnership without such action constituting transacting business in this state for the purposes of this chapter." The holding of mortgages by the plaintiff, which it had acquired by assignment, therefore, would not constitute transacting business in this state.

Subsection (b) of § 34-38o is not a model of clarity. Section 34-38o (b) provides in relevant part that "a foreign limited partnership shall not be considered to be transacting business in this state" by "(1) [m]aintaining or defending any action or suit or any administrative or arbitration proceeding . . . but nothing in this subdivision shall entitle a foreign limited partnership to maintain suit in this state in violation of section 34-38*l* . . . ." The court interprets § 34-38o (b) to mean that foreign limited partnerships cannot bring suit in the Connecticut courts without first registering pursuant to § 34-38*l*.

Section 34-38o (b) (7) provides as another activity that does not constitute transacting business, "taking security for or collecting debts due it or enforcing any rights in property securing the same . . . ." The court interprets § 34-38o (b) (7) as meaning a foreign limited partnership may foreclose a mortgage.

An examination of the legislative history of § 34-38o of the Uniform Limited Partnership Act enacted in 1982 reveals no legislative intent to reconcile subdivision (1) with subdivision (7) of § 34-38o (b), either in the committee hearings or in the legislative debate.

Applying the principle of statutory interpretation that specific provisions of a given subject matter prevail over general language on that subject matter; *Tappin* v. *Homecomings Financial Network, Inc.*, 265 Conn. 741, 760, 830 A.2d 711 (2003); the court interprets § 34-38o (b), subdivision (1) and subdivision (7) as meaning that while generally an unregistered foreign limited partnership cannot bring an action in Connecticut, it can specifically foreclose a mortgage. Such an interpretation recognizes the national phenomenon of banks and lending institutions selling and purchasing mortgages across the country and gives Connecticut citizens the benefit of the lower mortgage rates that result from that market. See D. Caron & G. Milne, Connecticut Foreclosures (4th Ed. 2004) introduction, p. viii; § 26.01, p. 565 et seq.

The language of § 34-38o (b) (7) is clear and unambiguous and allows for no interpretation other than that an unregistered foreign limited partnership, like the plaintiff, has standing to foreclose a mortgage in the Connecticut courts. The motion to dismiss is, therefore, denied.