## JONATHAN LUYSTERBORGHS *v.* PENSION AND RETIREMENT BOARD OF THE CITY OF MILFORD ET AL.

Superior Court, Judicial District of Ansonia-Milford
File No. CV-06-4006814S

Memorandum filed June 6, 2007

*Jonathan Klein*, for the plaintiff.

*Milford city attorney*, for the defendant.

ESPOSITO, J. The issue before this court is whether it should dismiss the complaint as to the named defendant

pension and retirement board (board) of the city of Milford (city) for lack of subject matter jurisdiction. As no enabling statute exists establishing that the board is a legal entity separate from the municipality itself, it cannot be sued. Accordingly, this court grants the defendants' motion to dismiss.

I

## PROCEDURAL HISTORY

On January 16, 2007, the plaintiff, Jonathan Luysterborghs, a retired firefighter for the city, filed a revised three count complaint against the defendants, the city and the city's pension and retirement board. The complaint alleges the following facts. The plaintiff has been receiving pension benefits from the city pursuant to a collective bargaining agreement (agreement) since his retirement in 1996. Pursuant to the agreement, the city is required to provide health insurance coverage for all retirees and their "enrolled dependents." The board is entrusted with managing the pension and retirement system, including the health insurance benefits that are available to retired firefighters. In 2002, the plaintiff married his wife, Yiling Qi. On May 25, 2006, the plaintiff attempted to enroll his wife in his retiree health insurance plan as his dependent. On June 16, 2006, the city and the board, via the city attorney, sent the plaintiff a letter in which they rejected the plaintiff's attempt to enroll his wife on the ground that they were not married at the time of his retirement. According to the letter, the agreement limited coverage to those who were enrolled as dependents at the time that the employee retired.

The plaintiff also alleges the following: the defendants' rejection of his wife as his dependent in the health insurance plan is wrongful; the rights of the parties are uncertain and a bona fide and substantial issue is in

dispute between them which must be settled; the city breached its obligations to him under the agreement; and the board breached its obligations to manage the city pension and retirement system in accordance with the agreement. The plaintiff requests an order of mandamus requiring the defendants to accept the enrollment of his wife as a dependent in the health insurance plan, a judgment declaring that the plaintiff has the right to enroll his wife in that plan and money damages to compensate him for the costs that he incurred in obtaining separate insurance coverage for his wife.

## II

## DISCUSSION

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot, as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Cox* v. *Aiken*, 278 Conn. 204, 210–11, 897 A.2d 71 (2006). "When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Id., 211.

The defendants argue that the court lacks subject matter jurisdiction to hear the present case as to the board because the board is not a separate body politic with the capacity to sue and be sued, but that, instead, it is an agency of the city. Additionally, the defendants maintain that the plaintiff's case does not involve the board because the board is not responsible for the

agreement that dictates the terms of the plaintiff's health insurance benefits and also because the plaintiff has not alleged that the board acted to deprive him of his pension benefits.

The plaintiff counters that the board is amenable to suit. He points to several cases in which the pension and retirement boards in other Connecticut municipalities and other municipal boards have been sued successfully in the past. He further argues that General Statutes § 52-57 (b) (5)[1] provides a mechanism for commencing actions against municipal boards and agencies, and this mechanism would be superfluous if the boards lacked the capacity to be sued. The plaintiff also argues that the defendants' factual contentions regarding the board's authority over his benefits cannot be properly decided in the context of a motion to dismiss.

"It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue." (Internal quotation marks omitted.) *Isaac* v. *Mount Sinai Hospital*, 3 Conn. App. 598, 600, 490 A.2d 1024, cert. denied, 196 Conn. 807, 494 A.2d 904 (1985). If a party does not have such actual legal existence, it can neither sue nor be sued. It is clear that, pursuant to General Statutes § 7-148 (c) "[a]ny municipality shall have the power to . . . (1) . . . sue and be sued . . . ." Section 7-148 (a) defines municipality as "any town, city or borough, consolidated town and city or consolidated town and borough."

---

[1] General Statutes § 52-57 (b) provides in relevant part: "Process in civil actions against the following-described classes of defendants shall be served as follows . . . (5) against a board, commission, department or agency of a town, city or borough, notwithstanding any provision of law, upon the clerk of the town, city or borough, provided two copies of such process shall be served upon the clerk and the clerk shall retain one copy and forward the second copy to the board, commission, department or agency . . . ."

Although our appellate courts have not expressly addressed the issue in this context, the Superior Court has recently held that certain municipal departments are not legal entities separate from their municipalities, and, therefore, they may not be a party in a lawsuit. See *Pagliaro* v. *Middletown*, Superior Court, judicial district of Middlesex, Docket No. CV-05-5000161S (September 12, 2006) (*Dubay, J.*) (police department, fire department and central communications office are not legal entities and are not subject to suit separate and apart from municipality they serve); *Himmelstein* v. *Windsor*, Superior Court, judicial district of Hartford, Docket No. CV-05-4013928S (May 16, 2006) (*Keller, J.*) ("plaintiff cannot maintain a direct cause of action against a police department of a town"). In so holding, the courts have found the absence of a specific statute enabling the department to sue or be sued to be dispositive. See *Himmelstein* v. *Windsor*, supra, Superior Court, Docket No. CV-05-4013928S; *Disabella* v. *West Hartford*, Superior Court, judicial district of Hartford, Docket No. CV-04-0832044S (November 15, 2005) (*Keller, J.*). As stated by the court in one such case, "[u]nless departments within municipal government constitute distinct 'bodies politic' under state law, the proper defendant is the municipality itself, not an administrative subdivision." *Levine* v. *Fairfield Fire Dept.*, Superior Court, judicial district of Waterbury, Complex Litigation Docket, Docket No. X01-CV-89-0146670S (April 9, 1999) (*Hodgson, J.*).

The General Statutes do not contain a provision that generally establishes all municipal departments, boards, authorities and commissions as legal entities that operate separately from the municipality itself. See *Himmelstein* v. *Windsor*, supra, Superior Court, Docket No. CV-05-4013928S; *Weitz* v. *Greenwich Police Dept.*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-04-0200464S (January 10, 2004)

(38 Conn. L. Rptr. 512) (*Jennings, J.*); *Levine* v. *Fairfield Fire Dept.*, supra, Superior Court, Docket No. X01-CV-89-0146670S. Instead, where the legislature has intended to grant such independent legal status to a department or board, it has done so explicitly. See, e.g., General Statutes § 7-233e (b) (municipal electric energy cooperatives "shall constitute a public body corporate and politic . . . and shall have the . . . [power] . . . [t]o sue and be sued"); General Statutes § 10-241 ("[e]ach school district shall be a body corporate and shall have the power to sue and be sued); General Statutes § 7-273b (d) (transit district "shall be a body corporate and politic, and may sue and be sued"); General Statutes § 8-44 (a) (housing authority "shall constitute a public body corporate and politic, exercising public powers and having all the powers necessary or convenient to carry out [its purposes] . . . including . . . [t]o sue and be sued"). The legislature has not granted this status to municipal pension and retirement boards. See General Statutes § 7-450.

The plaintiff's argument that, since § 52-57 (b) (5) provides the method for serving a municipal board or other municipal subdivisions with process, municipal boards are amenable to suit is unpersuasive. As discussed, there are some municipal departments and authorities that have an independent legal capacity to be sued. Section 52-57 (b) (5) merely governs the method by which such legal entities are to be served. See *Pagliaro* v. *Middletown*, supra, Superior Court, Docket No. CV-05 5000161S. Section 52-57 (b) (5) itself does not grant independent legal status to municipal subdivisions.

The plaintiff also argues that the board is a proper defendant in the present case because it has been a defendant in prior cases. In those cases that the plaintiff cites, however, the parties did not raise and the court did not address the issue of whether the board is a legal entity separate from the city. See *Anderson* v.

*Pension & Retirement Board*, 167 Conn. 352, 356–57, 355 A.2d 283 (1974); *Smith* v. *Pension & Retirement Board*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-02-0080150S (July 23, 2004) (37 Conn. L. Rptr. 539) (*Lager, J.*). The plaintiff also listed other cases in which pension or retirement boards in municipalities other than Milford were defendants. In none of those cases, however, was the legal status of those boards contested. That municipal pension boards have been defendants in cases where their legal status was not contested notwithstanding does not require this court to find that the board is a legal entity separate from the city of Milford and a proper defendant in the present case.

## III

## CONCLUSION

In the present case, there is no enabling statute which grants the board status as an independent legal entity. The board, therefore, is not a proper party in this action. Accordingly, the court grants the defendants' motion to dismiss.